## GEO. P. CLAY, et al., v. N. HOYSRADT, et al.

1. ACTION AGAINST PUBLIC OFFICERS — *Where brought.* Suits against public officers for official acts must be brought in the county where those acts are performed.

2. JUDGMENT—*Compromise; When part payment will operate as full satisfaction.* A judgment debtor having the right of appeal, and being in a condition and about to take such appeal, pays a portion of the amount of the judgment to the judgment creditor, under an agreement that such sum paid shall be in full of the entire judgment: *held*, a satisfaction of the judgment.

3. ATTORNEY AND CLIENT—"*Fides servanda est.*" To attain the highest success in the profession of the law, good faith is of equal value with legal cunning. It is never to the credit of an attorney that he has taken an unfair advantage of the lesser knowledge of his client.

### Error from Douglas District Court.

ACTION for an injunction, brought by the plaintiffs in error against the defendants in error. The petition shows that defendant *Hoysradt* is an attorney and counselor at law; that the law firms of "Hoysradt & Cree," and "Hoysradt, Brown & Cree," had rendered professional services for plaintiff *Geo. P. Clay*, for which services he had paid at one time the sum of $167.50, and at another time the sum of $325, which last mentioned sum said *Hoysradt* for and on behalf of said firms agreed to accept in full satisfaction and discharge of the indebtedness of said *Clay* to said Hoysradt & Cree, and said Hoysradt, Brown & Cree ; that afterward, and in August, 1870, said *Hoysradt*, pretending that the plaintiffs were indebted to him as the assignee of said firms of H. & C., and H., B. & C., commenced three several actions against said plaintiffs before the defendant *A. M. Dunham*, a justice of the peace of Leavenworth county, in each of which actions summons was personally served on both defendants, (plaintiffs herein,) and in each of which said justice, on the 12th of September, 1870, gave judgment in favor of said *Nicholas Hoysradt*, as plaintiff; that after the rendition of said judgments said *Geo. P. Clay* noti-

fied said justice and said *Hoysradt* of his intention to appeal therefrom to the district court of Leavenworth county, whereupon, on the 14th of September, 1870, in consideration that said *Clay* would not appeal from said judgments, and would pay and did pay the sum of $159.70, he the said *Hoysradt* agreed to satisfy and discharge the said three judgments, and in pursuance of said agreement executed and delivered to said plaintiff the following instrument in writing, to wit:

"WHEREAS, on the 12th of September, 1870, I recovered three judgments against George P. Clay, and Minerva J. Clay, before A. M. Dunham, a justice of the peace of Sherman township, Leavenworth county, Kansas, for the following sums, to wit: One for $300.00 debt, and $19.90 costs; another for $295.00 debt, and $19.90 costs, and another for $177.10 debt, and $19.90 costs. Now, therefore, I hereby this 14th day of September, 1870, acknowledge the receipt of $159.70, *in full of said amounts of said judgments*, the said $159.70 being paid to me by the said George P. Clay *in full of said judgments*.

                                        N. HOYSRADT."

That afterward, on the 27th of said September, the defendant *John F. Dunham*, as constable, by authority of the writs of execution issued to him as aforesaid, and by the special direction of the said *Hoysradt*, "seized, took, and carried away from the possession of the plaintiffs, one cow, one span of horses, wagon, and harness, and all the household furniture, beds, bedding, and stoves of plaintiffs, and wholly deprived the plaintiffs of the use and benefit thereof," and still held the said property, and threatened to advertise and sell the same to pay said executions, etc., and demanding judgment that said three judgments be declared satisfied, etc.; and that said defendants be perpetually enjoined from in any manner collecting, enforcing, or proceeding upon said judgments, etc.

Said petition was verified by plaintiff *Geo. P. Clay*, and an injunctional order was granted by the district judge. Afterward, on the 7th of October, 1870, said district judge, at chambers, heard a motion by defendants in error, to vacate and dissolve said injunction.

In support of said motion several affidavits were read. *Hoys-radt's* affidavit stated that his claims prosecuted " in the said actions against the plaintiffs were all valid and just claims;" and " that the only agreement he ever made with the said *George P. Clay,* relative to or concerning the said judgments, is fully expressed, both in letter and substance, in the written instrument signed by this affiant, and copied in the petition of said plaintiffs in this action; that said written instrument was drawn by this affiant and delivered to said Clay; that this affiant has never consented to have the same entered as satisfaction of said judgments; but said A. M. Dunham, justice of the peace as aforesaid, was notified by this affiant that said instrument was not a *legal satisfaction* of said judgments, and that this affiant would not consent to have said judgments satisfied on said docket by means or reason of said instrument; and that affiant has never *intended* that said instrument shall operate as a full satisfaction of said judgments; and he has had, and still has, as he honestly believes, good reasons, founded, as he believes, both in law and ethics, for his intentions."

The district judge sustained the motion, and made an order vacating and dissolving said injunction. The plaintiffs in error excepted, and now bring the case here, and ask that said order be reversed.

*Thacher & Banks,* for plaintiffs in error:

The writing signed by Hoysradt is a satisfaction and discharge of the judgments. It also shows an accord and satisfaction. There was a controversy. Clay had the right of appeal. He threatened to so appeal, and intended so to do. Although it is an ancient rule that a payment of a part is not a satisfaction of an entire demand, yet where there is any, *the least* consideration, and it is accepted as satisfaction, the demand is gone. 2 Metc., 283; 18 Pick., 414; 19 id., 273; 2 Little, 49; 15 Mees. & W., 23; 3 Hawks, 580; 3 Barb. Ch., 621; 14 Wend., 116; 20 Johns., 76.

That the judgments against Clay were "fraudulently obtained" can hardly be doubted when the facts are considered;

and such judgments are being put to an "inequitable use," when made the excuse of stripping a party of their entire property, and collecting money already once paid. They are "corruptly used" when the owner uses them to procure a compromise of a doubtful claim, and to prevent an appeal by the defendants gives a release, intending to avoid it for what he alleges to be a technical defect, whilst the other party accepts it as an undoubtedly valid discharge.

Even though the agreement made with Hoysradt be void—though it be contrary to a statute—yet, if he induced Clay to act upon it, and forego any advantage of appeal, or otherwise, the injunction should be sustained. For nearly a parallel case, see *Blakesley v. Johnson*, 13 Wis., 530. See also *Way v. Lamb*, 15 Iowa, 80.

*N. Cree*, and *N. Hoysradt*, for defendants in error:

1. The bill filed in the court below by the plaintiffs in error does not state facts sufficient to constitute a cause of action. It does not allege that either of the plaintiffs in error were ignorant of the facts in question, pending the action of Hoysradt against them, or that they had any defense to either of these actions which could not have been received on the trial thereof. On the contrary, it appears from the bill that after the rendition of these judgments, a *payment* was made upon them; and the instrument set out to show this payment recites the obtainment of the judgments, and is relied on by the plaintiffs in error to show a valid satisfaction of them.

The fact that a payment was made on the judgments, it is submitted, constitutes a complete acknowledgment of the validity of such judgments.

2. The plaintiffs have an adequate remedy at law. It appears on the face of the petition that if any cause of action at all is alleged, it is simply one of an *unlawful taking and conversion of property*. For such a cause of action the law remedy of an action for *damages*, or the law remedy of *replevin*, would, either of them, be adequate and perfect; and it is submitted, that if there was a legal duty, or obligation, upon the justice

to enter satisfaction upon his docket of the judgments against the plaintiffs in error, then the legal remedy of *mandamus* was sufficient to compel him to make such entry. A court of equity will not interfere by injunction, or other equitable means or process, where the remedy at law is adequate. Will. Eq., 357; 14 Ohio, 353; 1 Ohio, St., 591; 28 Barb., 451.

3. The facts set out in the bill to show that the judgments were satisfied by Hoysradt on the 14th of September, do not amount to a *legal satisfaction* of such judgments. This instrument is set out in the bill. It speaks for itself. The law presumes conclusively that it contains the full understanding and only agreement of the parties. If it does not show a valid satisfaction on its face, no contemporaneous verbal negotiation, talk or agreement can add to or extend it. It must be looked upon as the final consummation of the negotiations of the parties, and an exact expression of their purposes. 3 Kas., 225; 5 Duer, 294.

That it *does not show such satisfaction*, the authorities are uniform. The acceptance of a smaller sum in money is not a satisfaction and discharge of an indebtedness in a larger sum which is liquidated and ascertained. 26 Me., 88; 27 id., 370; 39 id.; 203; 2 Strob., 203; 21 Vt., 222; 35 id., 355; 5 Gill, 189; 20 Conn., 559; 10 Ire., 436; 10 Cush., 48; 15 Md., 569; 14 B. Mon., 451; 29 Miss., 139; 29 Penn. St., 50; 4 G. Greene, 544; 12 Gray, 341; 17 Johns., 169; 27 Cal., 611.

4. It appears from the bill that the defendant A. M. Dunham is a justice of the peace in *Leavenworth* county; that the actions against the plaintiffs in error were tried by such justice in such county, and the judgments alleged in the bill were rendered therein. It also appears that the defendant John F. Dunham was a constable of that county. There is no allegation in the bill that any of the defendants are residents of Douglas county, nor does it appear therefrom that any part of the subject-matter of the action commenced by the plaintiffs in error occurred or arose in Douglas county.

An action against a public officer for an act done by him in virtue or under color of his office must be brought in the

county where the cause or some part thereof arose. Code, § 48; 35 Miss., 231; 17 Ind., 135. Therefore, it appears from the bill that the district court of Douglas county has no jurisdiction of the subject matter of the action commenced by the plaintiffs in error.

In the case at bar, it appearing from the bill that public officers are necessary parties defendant to the action, and the bill containing no allegations that any part of the cause arose in Douglas county, it is submitted that the bill does not show a case within the jurisdiction of the Douglas county district court.

The opinion of the court was delivered by .

BREWER, J.: This is a proceeding in this court to reverse an order of the judge of the district court of Douglas county dissolving a temporary injunction. The facts so far as they bear upon the question which in our judgment determines the case, are these: A. M. Dunham was a justice of the peace in Sherman township, Leavenworth county. John F. Dunham was a constable in the same township. The other defendant in error, N. Hoysradt, obtained three judgments before the said justice of the peace against the two plaintiffs in error. Executions were issued by the justice at the instance of Hoysradt and placed in the hands of the constable. By virtue of two of such executions he levied on a lot of personal property belonging to plaintiffs in error. They bring their action in the district court of Douglas county, alleging that since their rendition these three judgments have been by them paid, and praying that said justice be ordered to enter satisfaction of said three judgments, that said constable be ordered to return the executions and give up to plaintiffs the property seized thereunder, and for an injunction restraining all the defendants from ever attempting to enforce the collection of either of the three judgments. Upon the filing of the petition a temporary injunction was allowed, which afterwards upon motion supported by affidavits was dissolved. Was there error in this last order? We think not, and that it must be affirmed.

The action, it will be seen, is, as against the Dunhams, for acts done by them in virtue of their respective offices, and to

**1. Actions against officers; where brought.** control their proceedings as such officers. It is true the charge is that they are confederating with Hoysradt to accomplish the alleged wrongs; but yet they are carrying out but the purposes of this confederation only by using the powers they possess as officers. All the acts charged to have been done by them were done by virtue and under color of their respective offices. They were both officers of *Leavenworth* county, and the cause of action arose in that county. It does not appear that any act was done by the parties outside of that county. Now, § 48 of the code of civil procedure, (Gen. Stat., p. 639,) reads: "Actions for the following causes must be brought in the county where the cause or some part thereof arose: * * * * *Second*, An action against a public officer for an act done by him in virtue or under color of his office, or for a neglect of his official duties." The language of this section is plain, and needs no comment from us. By it proceedings against public officers for official acts are referred to the courts of the county where the acts are done. It is an expression of the purpose of the legislature to localize suits against officers. It relieves them from the necessity of deciding between the conflicting orders of courts of different counties. They are amenable only to the courts of the county in which they are acting. This may perhaps need to be partially qualified by the statement that where process is issued from the courts of one county to the officers of another, they become for that case the officers of the court from which the process issues, and amenable to its orders.

But it may be said that there is no such restriction as to the defendant Hoysradt; that a suit of this kind may be brought against him in any county where he may be summoned, and that the district court of Douglas county, acquiring jurisdiction of him, may properly bring in all other parties. This would be true in cases where the action is not from its nature local. Take a note or an account for instance, which may be sued on in any county in which one of the defendants resides or may

be summoned.   When the district court acquires jurisdiction by service upon one, it can bring in all other defendants, though they reside in the remotest parts of the State.   Not only that, but it can issue injunctions and attachments to, and appoint receivers to take possession of property in, any county.   But on the other hand, if suit be upon a note *and mortgage*, it must be in the county where the land lies.   Though one or even all of the makers of a note resided in a county different from that in which was the land, the suit must be in the latter and cannot be in the former county.   So in this case; if the action had been brought in Leavenworth county where the cause of action arose, the district court there could acquire jurisdiction of the defendant Hoysradt by service in Douglas county; but the district court of Douglas county could not acquire jurisdiction of this action against the Dunhams though the defendant Hoysradt resided or was summoned within the limits of that county.   For this reason we think the order of the judge of the district court of Douglas county dissolving the injunction, as it then stood, was not erroneous.

II. It seems to us proper to express an opinion upon one other question presented and argued by counsel, in order if possible to prevent further litigation between these parties.

2. Part payment, when full satisfaction.   Whether the ancient rule, that a payment of a part is not a satisfaction of an entire demand, be in force or not, it seems to us that where the right of appeal from a judgment has not lapsed, and the debtor is in a condition and about to take such appeal, but at the instance of the creditor, and with money borrowed from third parties with the knowledge and at the request of the creditor, pays him a portion of the amount of the judgment under an agreement that it shall be in full, the entire judgment is satisfied.

We cannot close this opinion without reminding the parties, that to attain the highest success in the profession of law, good faith is of equal value with legal cunning, and that it is

3. Fides servanda est.   never to the credit of an able man that he has taken an unfair advantage of the lesser knowledge of another.

All the Justices concurring.