## No. 26441

**The Denver Board of Water Commissioners; The City and County of Denver, State of Colorado, a municipal corporation, William H. McNichols, Mayor, and The Denver Planning Board v. The Board of County Commissioners of the County of Arapahoe; The Board of County Commissioners of the County of Adams; The Board of County Commissioners of the County of Jefferson; Jesse Ferge, Kathleen Ferge; The District Court of Arapahoe County, Colorado and Honorable William M. Ela**

(528 P.2d 1305)

Decided December 9, 1974.

Max P. Zall, City Attorney, Brian Goral, Assistant, Saunders, Snyder & Ross, P.C., Glenn G. Saunders, Special Counsel, George L. Zoellner, General Counsel, for petitioners.

Yegge, Hall & Evans, Raymond J. Connell, Edward H. Widmann, for respondents.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The Denver Board of Water Commissioners, the City and County of Denver and the other defendants in this case were sued by the county commissioners of Arapahoe, Adams, and Jefferson counties and two individual plaintiffs in Arapahoe County District Court. The plaintiffs alleged that the City and County of

Denver and its named agencies enacted an illegal moratorium against the supply of new water outside the territorial limits of the City and County of Denver and sought to compel the defendants to supply water in the plaintiff counties "as available."

The defendants filed a motion for change of venue from Arapahoe County District Court to Denver District Court. The trial judge ruled that venue was proper in Arapahoe County and denied the motion. After a request from the Court of Appeals to decide the question of jurisdiction pursuant to 1969 Perm. Supp., C.R.S. 1963, 37-21-10(1)(a), we ordered that the appeal and the motion for transfer be treated as an application for a writ in the nature of prohibition under C.A.R. 21 and issued a rule to show cause why the motion for change of venue should not be granted.

The plaintiffs contend that venue is proper in Arapahoe County under C.R.C.P. 98(a) as an action "affecting property" or under C.R.C.P. 98(c) as an action on tort or contract and that C.R.C.P. 98(b), which governs venue for actions against public officers, is not applicable. We do not agree with these arguments and therefore make the rule absolute.

I.

■ Rule 98(a) of the Colorado Rules of Civil Procedure provides:

"All actions affecting property . . . shall be tried in the county in which the subject of the action, or a substantial part thereof is situated."

The plaintiffs argue that venue is proper in Arapahoe County because the lands alleged to be damaged by the refusal to sell water to their owners are located in Arapahoe, Adams and Jefferson counties. We think that *City of Denver v. Glendale Water and Sanitation District,* 152 Colo. 39, 380 P.2d 553 renders this argument untenable. In *Glendale,* Denver brought an action to enjoin Glendale from continuing with construction of a sewage disposal system on the grounds that the plant would contaminate Cherry Creek which flows through Denver. This Court ruled that the objective of the suit was the cessation of construction of the plant in Glendale and that venue was therefore proper in Arapahoe County where Glendale is located.

Here, as in *Glendale,* the plaintiffs find no solace in the language of C.R.C.P. 98(a). The primary purpose of this suit is to

compel the defendants to supply additional water to the counties surrounding Denver. It is the water which Denver owns which is the subject of this suit and not the property of the named plaintiffs. In fact, it is not even the specific property of the named plaintiffs for which the decree is sought, but for all citizens and representatives of the counties of Arapahoe, Jefferson and Adams. If the injunction sought here were granted, it would operate upon the Board of Water Commissioners of Denver and compel it to take actions in Denver dealing with Denver's interests in the water supply which it owns. This is clearly an action in personam. It is not an action dealing with property within the contemplation of C.R.C.P. 98(a).

## II.

■ Having determined that C.R.C.P. 98(a) does not apply, we must determine whether C.R.C.P. 98(b) applies. We hold that C.R.C.P. 98(b)(2) is applicable as a matter of law and that the venue of this action must therefore be changed to Denver.

C.R.C.P. 98(b) provides, in pertinent part, as follows:
"Actions upon the following claims shall be tried in the county where the claim, or some part thereof, arose:

\* \* \* \*

"(2) Against a public officer or person specially appointed to execute his duties, for an act done by him in virtue of his office . . . or for a failure to perform any act or duty which he is by law required to perform."

As we have pointed out, the relief sought here is to require the Commissioners of the Denver Water Board to furnish available water to surrounding counties from Denver's water supply. It follows that this is then an action to compel these public officers to perform acts or duties which they are required by law to perform.

■ Claims for injunctive relief against public officers arise, within the meaning of C.R.C.P. 98(b), in the county in which the public body has its official residence and from which any action by the board pursuant to the injunction must emanate. *See,* e.g., *State v. District Court,* 340 P.2d 939 (Okla.); *State v. District Court,* 290 P.2d 413 (Okla.); *Clay v. Hoysradt,* 8 Kan. 74. All defendants have their official addresses in Denver County and an order to supply water to plaintiffs would issue from Denver.

Therefore defendants' motion to transfer venue to Denver District Court should have been granted under C.R.C.P. 98(b).

 The plaintiffs' contention that the allegations of conspiracy remove this case from the legitimate interest of public officials and from the provisions of C.R.C.P. 98(b) is without merit. *See Clay v. Hoysradt, supra* at p. 80. We again point out in this connection that what is being sought here is an order to compel the water board to carry out its alleged duty to suppy water to citizens or representatives of Arapahoe, Jefferson and Adams counties.

Since C.R.C.P. 98(b) is controlling and provides that this action *shall* be brought in Denver County, we need not consider plaintiffs' contentions that venue could be proper in Arapahoe County under C.R.C.P. 98(c). C.R.C.P. 98(c) applies only if C.R.C.P. 98(a) and C.R.C.P. 98(b) are not controlling.

The rule is made absolute, and the district court is ordered to transfer the venue of this cause to the District Court in and for the City and County of Denver.