OKLAHOMA ORDNANCE WORKS AUTHORITY, an Oklahoma public trust, Petitioner,

v.

DISTRICT COURT OF WAGONER COUNTY, Fifteenth Judicial District, State of Oklahoma, and Honorable William H. Bliss, District Judge, Respondents,

and

Lester Davenport and Donna Davenport d/b/a Sports Center; Bob Crosswhite d/b/a Cove Restaurant and Marina; Rick McKewon d/b/a Sequoyah State Park Twin Oaks Grocery; Ed Jurowski d/b/a Flat Rock Resort; Claudine Tibbs d/b/a Cannon Bait; Elton Gelley d/b/a Taylor Ferry Marina; Myrtle Rogers d/b/a Whiskey Ford Trading Post; Henry Patrick d/b/a Henry's Bait and Grocery; Roger and Rita Carlton d/b/a Spring Creek Resort; Jim Stauss d/b/a Big'En's Bar B-Que; J. M. Morgan d/b/a Morgan's Bait Shop; Gilbert Pope d/b/a Erbob Ferry Resort; Jim and Anna Barnes d/b/a Riverside Bait and Grocery; Walter Bunch d/b/a Walt's Concession; Glen and Karen Cosgrove d/b/a K & G Country Store; Francis Fite d/b/a Norwood Bait and Tackle; H. C. and Bobbie Ridge d/b/a Long Marina; C. K. Hall d/b/a Hall's Dry Storage and Grocery, and all other parties similarly situated, Co-Respondents.

GRAND RIVER DAM AUTHORITY, a Governmental Agency, Body Politic and Corporate, Petitioner,

v.

The Honorable William H. BLISS, District Judge of Wagoner County, State of Oklahoma, Respondent,

and

Lester Davenport et al., Co-Respondents.

N-REN CORPORATION, Domesticated Corporation, Petitioner,

v.

DISTRICT COURT OF WAGONER COUNTY, FIFTEENTH JUDICIAL DISTRICT, State of Oklahoma, and the Honorable William H. Bliss, District Judge, Respondents,

and

Lester Davenport et al., Co-Respondents.

GEORGIA-PACIFIC CORPORATION, a Georgia Corporation, Petitioner,

v.

The Honorable William H. BLISS, District Judge of Wagoner County, State of Oklahoma, Respondent,

and

Lester Davenport et al., Co-Respondents.

PRYOR INDUSTRIAL CONSERVATION COMPANY, Petitioner,

v.

The Honorable William H. BLISS, District Judge of the Fifteenth Judicial District, Respondent,

and

Lester Davenport et al., Co-Respondents.

NATIONAL GYPSUM COMPANY, Petitioner,

v.

DISTRICT COURT OF WAGONER COUNTY, Fifteenth Judicial District, State of Oklahoma, and the Honorable William H. Bliss, District Judge Thereof, Respondents,

and

Lester Davenport et al., Co-Respondents.

No. 54916.

Supreme Court of Oklahoma.

June 24, 1980.

William C. Anderson, Doerner, Stuart, Saunders, Daniel & Anderson, Dale F. McDaniel, Jack Y. Goree, Whitten, McDaniel, Osmond, Goree & Davies, Tulsa, for petitioner Oklahoma Ordnance Works.

Randall Elliott, Asst. Gen. Counsel, Grand River Dam Authority, Vinita, Deryl L. Gotcher, Jones, Givens, Gotcher, Doyle & Bogan, Tulsa, for petitioner Grand River Dam Authority.

Gary J. Dean, Lyons & Dean, Pryor, William D. Nay, Hall, Estill, Hardwick, Gable, Collingsworth & Nelson, Tulsa, for petitioner N–Ren Corp.

Andrew Wilcoxen, Wilcoxen & Cate, Muskogee, Charles W. Shipley, Lance Stockwell, Boesche, McDermott & Eskridge, Tulsa, for petitioner Georgia-Pacific Corp.

Alfred B. Knight, John Howard Lieber, Knight, Wagner, Stuart & Wilkerson, Tulsa, for petitioner Pryor Industrial Conservation Co.

Richard C. Ford, D. Kent Meyers, Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, Joe R. Kennedy, Kennedy, Kennedy, & Wright, Muskogee, for petitioner National Gypsum Co.

Bruce Green, Don Pearson, Muskogee, for co-respondents.

IRWIN, Vice Chief Justice.

The issue presented is whether the Wagoner County District Court has venue of co-respondents' transitory action for damages against petitioners.[1] The respondent judge overruled all challenges to venue and ordered the litigation to proceed. Petitioners commenced separate proceedings for this court to assume original jurisdiction and issue a writ prohibiting the respondent judge from further proceeding in the cause. Cases consolidated under Case No. 54,916.

The six petitioners (defendants in the district court) are: two governmental agencies (the Oklahoma Ordnance Works Authority and the Grand River Dam Authority); three domesticated, foreign corporations (Georgia Pacific Corporation, National Gypsum Company, and N–Ren Corporation); and an Oklahoma Corporation (Pryor Industrial Conservation Company).

The co-respondents (plaintiffs in the district court) operate or own businesses adjacent or near Ft. Gibson Lake, part of which is in Wagoner County, Plaintiffs alleged that petitioners, in the operation of their governmental agencies and corporate enterprises, negligently permitted or caused to be discharged certain waste materials into Pryor Creek, a tributary of Ft. Gibson Lake, and that they sustained damages to their businesses from the waste materials flowing into Ft. Gibson Lake.

The cases are briefed and presented on the theory that Pryor Creek is in Mayes County and that all petitioners' acts or omissions in permitting or causing to be discharged the waste materials occurred in Mayes County but that some of the alleged damages occurred in Wagoner County.

We are concerned here with multiple joint defendants. The venue of actions against such defendants lies only in the county or counties meeting the requirements of all applicable specific venue statutes, and only when such requirements have been met, the action is rightly brought. *City of McAlester v. Fogg*, Okl., 312 P.2d 867 (1956); *Missouri–Kansas–Texas R.R. v. Coryell*, Okl., 483 P.2d 1148 (1971); and *Schwartz v. Diehl*, Okl., 568 P.2d 280 (1977).

Co-respondents contend that venue of the action against the Oklahoma Ordnance Works Authority (OOWA) lies in Wagoner

---

1. The co-respondents are plaintiffs in the Wagoner County District Court case and all of the petitioners were joined as party defendants.

County under 12 O.S.1971, § 133, which provides:

"Actions for the following causes must be brought in the county where the cause, or some part thereof arose:

First . . .

Second. An action against a public officer for an act done by him in virtue, or under color, of his office, or for neglect of his official duties. * * * *"

Co-respondents argue that damages are a part of a cause of action, and since part of the cause of action arose where the damages occurred, i. e., in Wagoner County, venue of their action against OOWA lies in Wagoner County.

■ OOWA is a "public officer" within the contemplation of § 133. *State v. District Court of Bryan County*, Okl., 290 P.2d 413 (1955); and *Hillcrest Medical Center v. Lee*, Okl., 575 P.2d 971 (1978). *Bryan County* involved an action filed in Bryan County against the State Board of Education for the purpose of having declared unconstitutional an amendment to the school code pertaining to the procurement of library books for all the school districts in Oklahoma. Instead of allowing each school district to purchase the books it needed and permitting the local school boards to purchase books from local stores and dealers, the State Board was required to purchase all the books and have them shipped to the several school districts. Plaintiffs argued that venue was in Bryan County because the State Board's action, pursuant to the amendment, would prevent them from acting in Bryan County. Our court prohibited the Bryan County court from further proceeding and held that the State Board's official acts must be regarded as being performed at the State Capitol in Oklahoma County, and that venue was in Oklahoma County.

In *State ex rel. Department of Corrections v. Brock*, Okl., 513 P.2d 1293 (1973), the State Board of Corrections had leased a warehouse in Comanche County and the Board modified the warehouse to enable it to be used as a prison pre-release center. In an action filed in Comanche County for

injunctive relief against the department, plaintiffs alleged the pre-release center constituted a nuisance in that the sewer servicing the facility emptied into an open sewage lagoon which backed up to the property of some of the plaintiffs and was obnoxious to other adjacent landowners. In short, the conduct sought to be abated in Comanche County was the operation and maintenance of the pre-release center and its open lagoon which served as a sewer. Our court held that the Comanche County action was one which operates *in personam* and was to prevent the department from operating and maintaining the correctional facility. In prohibiting the Comanche County Court from further proceeding we said the decision to operate the pre-release center emanated from Oklahoma County, the county of the official residence of the department.

The Department of Corrections and Bryan County cases both recognized that § 133, *supra*, was identical to the Kansas statute and that "the decision of the highest court of our sister state, where pertinent, should be persuasive." Both cases cited with approval *Huerter v. Hassig*, 175 Kan. 781, 267 P.2d 532 (1954). The plaintiffs in *Huerter* were landowners whose farms were near Lake Nemaha in Nemaha County. Plaintiffs sought a writ in Nemaha County to compel the members of the Kansas Forestry, Fish and Game Commission to remove an obstruction in the Nemaha River which the state constructed in the building of Lake Nemaha and which plaintiffs alleged was damaging their land. The Kansas Supreme Court said that although the actual labor of constructing the dam and lake was performed in Nemaha County, if venue lay in Nemaha County, the Commission might be compelled to respond to actions in every county of the state in which its orders are carried into effect if damages resulted where the work was performed. In holding that venue did not lie in Nemaha County, but Pratt County, the Commission's headquarters, the court said:

"Appellants [plaintiffs] cite *State ex rel. v. Flannelly*, 96 Kan. 372, 152 P. 22. It supports appellees' [defendants'] rather

then appellants' contention that the instant action should have been instituted in Pratt county where official action by the commission is taken.

In construing the statute in question it was there said:

'The evident purpose of the statute is to confine actions on account of *the conduct of officers* to the county or counties in which the *act or acts of the officer were done.* These views are supported by *Clay v. Hoysradt,* 8 Kan. 74, 80, where this court said:

'The language of this section is plain, and needs no comment from us. By it proceedings against public officers for official acts are referred to the courts of the county where the acts are done. It is an expression of the purpose of the Legislature *to localize suits against officers.* It relieves them from the necessity of deciding between the conflicting orders of courts of different counties. They are amenable only to the courts of the county in which *they are acting.'* 96 Kan. at page 380, 381, 152 P.2d at page 25. (Our Italics)."

In *Office of Governor—Dept. of Industrial Development v. Dalton,* Okl., 560 P.2d 971 (1977) we said that our court has attempted to follow the intent of the Legislature in localizing venue as to public officers and the basic rationale was that the decisional act of a public officer emanating from the county of the official residence of the public officer, gives rise to the cause of action.

An analysis of our decisional law concerning venue of an action against a public officer "for an act done by him in virtue, or under color, of his office," under 12 O.S. 1971, § 133, discloses that it is the decisional act of the public officer emanating from the county of his official residence that gives rise to the cause of action and establishes venue of an action against such officer; and venue may not be founded upon the place where the decisional act is to be performed or accomplished or where damages may result from the performance or · accomplishment of the decisional act.

If, as alleged by co-respondents, OOWA negligently permitted or caused to be discharged certain waste materials into Pryor Creek, the decision to perform or accomplish such acts emanated from Mayes County, the county in which it maintains its official residence. It is the decision to perform or accomplish such act that gives rise to the cause of action and establishes venue of such action against OOWA, a "public officer" within the contemplation of § 133. Venue of the action against OOWA may not be established in Wagoner county on the theory that co-respondents sustained damages in Wagoner County. We hold that venue of co-respondents' action against OOWA does not lie in Wagoner County.

Venue of an action against GRDA is prescribed by 82 O.S.1971, § 862(j), which states:

. . . any and all actions of law or in equity against the district (GRDA) shall be brought in the county in which the principal office of the district shall be located or in the county where the cause of action arose."

The principal office of GRDA is in Craig County. 82 O.S.1971, § 866. And the same reasons for our holding that plaintiffs' "cause of action or some part thereof" did not arise in Wagoner County, disposes of plaintiffs' contentions that their cause of action against GRDA arose in Wagoner County.

Plaintiffs also contend that since service was had upon GRDA in Wagoner County, venue was proper in Wagoner County. We hold that venue of an action against GRDA is prescribed by § 862(j), *supra,* and not where proper service was allegedly had. Venue of the action against GRDA does not lie in Wagoner County under the facts presented in the case at bar.

Co-respondents predicate venue of their action against petitioners (the four corporations) upon the theory that "since the action was properly founded against GRDA in Wagoner County, all corporations, both foreign and domestic, may also be sued

in that county." Since venue of the actions against these four corporate petitioners is dependent upon venue of the action against GRDA, and we have held that venue does not lie in Wagoner County as to GRDA, venue does not lie in Wagoner County as to these four petitioners.

■ Prohibition is a proper remedy to prevent a court from exercising jurisdiction where venue lies in another county. *Office of Governor—Dept. of Industrial Development v. Dalton*, Okl., 560 P.2d 971 (1977).

ORIGINAL JURISDICTION ASSUMED AND WRITS OF PROHIBITION GRANTED.

LAVENDER, C. J., and WILLIAMS, HODGES, SIMMS, DOOLIN, HARGRAVE, and OPALA, JJ., concur.