**FARMERS CAFE, INC.,
Plaintiff–Appellant,**

v.

**STATE of Colorado, DEPARTMENT OF REVENUE, By and Through its Director, Alan N. CHARNES, Defendants–Appellees.**

**No. 85CA1769.**

Colorado Court of Appeals,
Div. I.

Feb. 4, 1988.

David M. Korrey, P.C., David M. Korrey, San Diego, Cal., for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendants-appellees.

CRISWELL, Judge.

Plaintiff, Farmers Cafe, Inc. (licensee), appeals from the judgment of the district court affirming an order of the Director of Department of Revenue (Director) suspending licensee's liquor license for thirty days. We affirm that judgment.

I

Licensee originally filed its complaint, seeking to have the Director's order of suspension set aside, in the Morgan County District Court, where licensee maintained its place of business. Upon the motion of the Director, however, that court entered its order changing the venue of the action to the Denver District Court. Relying upon the provisions of C.R.C.P. 98(b)(2), which provides that the proper venue for an action against "a public officer ... for an act done by him" is "the county where the claim, or some part thereof, arose," licensee asserts that, since the *effect* of the Director's order was to close its business in Morgan County, the order changing venue was improper. We disagree.

In *Denver Board of Water Commissioners v. Board of County Commissioners*, 187 Colo. 113, 528 P.2d 1305 (1974), the supreme court held that, in injunction actions, a claim arises, for purposes of C.R.C.P. 98(b)(2), "in the county in which the public body has its official residence." And, in our view, an action to set aside an order of a public official is sufficiently similar to an action for injunctive relief as to require application of the same

venue rules. *See* § 24–4–106(7), C.R.S. (if court sets aside agency order, it shall "restrain" its enforcement).

■ The Director is an "agency," as that term is defined in § 24–4–102(3), C.R.S. (1987 Cum.Supp.), which exercises statewide jurisdiction. Therefore, the provisions of the Administrative Procedure Act (APA) govern the procedure for obtaining a judicial review of his order. Section 24–4–107, C.R.S.

■ Section 24–4–106(4), C.R.S., provides that a party adversely affected by an agency decision may commence an action for judicial review of that decision in the district court within thirty days after the decision becomes effective. That statute also provides that, for this purpose:

"The residence of a state agency ... shall be deemed to be the city and county of Denver."

Thus, even if we assume, as licensee argues, that C.R.C.P. 98 establishes the venue rules for actions under § 24–4–106(4) (*but see* C.R.C.P. 81), nevertheless, since the official residence of a state agency is deemed to be the city and county of Denver, licensee's claim arose in that city and county. *See Denver Board of Water Commissioners v. Board of County Commissioners, supra.* Hence, the Morgan County District Court did not err in transferring this case to the Denver District Court.

## II

■ Licensee also argues that the evidence submitted to the Director was insufficient to sustain his finding that it had allowed gambling on the premises. However, our review of the administrative record convinces us that the Director's findings are supported by substantial evidence. Consequently, his findings are binding on appeal. Section 24–4–106(7), C.R.S.; *Glasmann v. State,* 719 P.2d 1096 (Colo.App.1986).

## III

■ Licensee finally contends that the Director relied upon matters outside the record in determining the nature of the penalty to be imposed for its infraction. We disagree.

After the parties had completed their presentation of evidence and argument upon the question whether licensee had violated the pertinent statute and regulation, the Director made specific findings and concluded that the licensee had, in fact, engaged in prohibited conduct. He then requested to be made aware of any prior infractions by licensee and was informed, without objection, that in June 1974 the local licensing authority had imposed a 3–day suspension upon the licensee for allowing the operation of gambling machines on its premises. Thereafter, a representative of the Department of Revenue argued that a 45–day suspension should be imposed, while counsel for licensee asserted that a 10–day suspension would be more appropriate.

The Director imposed a 30–day suspension and, in doing so, noted that licensee's violation was a "very serious matter," that "it gets to be a more serious matter all the time," and that he thought "there is a pattern of activity up here." The licensee contends that the evidence submitted to the Director does not support his conclusion about a "pattern of activity." We disagree.

The Director credited the testimony of the investigating officer, who testified that he had been paid, partly in cash and partly in tokens, for his winnings at another bar; that the licensee allowed him to use those tokens on licensee's gaming machine; that he was paid in cash by the licensee's manager; and that licensee's bartender told him that another person was also waiting to be paid off. This testimony, combined with evidence of licensee's previous suspension for a similar infraction, was sufficient to allow the reasonable inference that licensee had engaged in a "pattern" of allowing gambling on its premises.

Judgment affirmed.

PIERCE and HUME, JJ., concur.