1998 OK 116

STATE of Oklahoma, ex rel., DEPART-MENT OF MENTAL HEALTH AND SUBSTANCE ABUSE SERVICES; Commissioner Sharron D. Boehler; Dr. Robert G. Sanders; Dennis Doyle; JoAnne Bronstead; Dennis Lewelling; and Anne Lowrance, Appellants,

v.

FREEDOM RANCH, INC., an Oklahoma non-profit corporation, Appellee.

and

State of Oklahoma, ex rel., Department of Mental Health and Substance Abuse Services; Commissioner Sharron D. Boehler; Dr. Robert G. Sanders; Dennis Doyle; JoAnne Bronstead; Dennis Lewelling; and Anne Lowrance, Petitioners,

v.

Freedom Ranch, Inc., an Oklahoma non-profit corporation, and the Honorable Donald D. Thompson, Respondents.

Nos. 91,567, 91,993.

Supreme Court of Oklahoma.

Nov. 25, 1998.

MEMORANDUM OPINION

SIMMS, J.:

¶1 These two causes arise out of a dispute between the State of Oklahoma ex rel. Department of Mental Health and Substance Abuse Services ("Department") and one of its former vendors ("Ranch") who provided programs for the treatment of substance abuse. Ranch filed an action in Creek County, alleging that the Department and certain individual Commissioners of the Department breached the contract and committed various tortious acts which damaged Ranch.

¶2 Ranch obtained a temporary injunction which required the Department to continue to make payments to it, even though

the contract had not been renewed. The injunction is the subject of the pending appeal in case no. 91,567. This Court stayed the effectiveness of that order and requested briefs on whether venue is proper in Creek County.

¶3 The Department also brought an original action in case no. 91,993, seeking an order prohibiting the respondent judge from proceeding further in the case because the venue is improper. These cases are consolidated for the purpose of this opinion and we now decide both cases.

¶4 We reverse the injunction order and issue a writ of prohibition because venue in Creek County is improper. All of the claims asserted by Ranch involve the actions and decisions of the Commissioners, who are public officials. 12 O.S. § 133 provides that the venue of an action against a public officer for an act done by him in virtue, or under color, of his office, or for neglect of his official duties must be brought where the cause arose. This Court has interpreted § 133 to mean that the action must be brought in the county of the public officer's official residence. *Oklahoma Ordnance Works Authority v. District Court of Wagoner County*, 1980 OK 100, 613 P.2d 746, *Grand River Dam Authority v. State*, 1982 OK 60, 645 P.2d 1011. Both parties agree that the official residence of the Department and the Commissioners is in Oklahoma County.

¶5 In *Grand River Dam Authority, supra*, at page 1014, we held that any decision by a public officer emanates from the county of his official residence and any cause of action connected with that decision arises in that county. This is so even though actions taken pursuant to that decision occurred in another county. Similarly, in *Oklahoma Ordnance Works Authority, supra*, we stated that venue must be at the official residence of the official and may not be founded upon the place where the decisional act was to be performed or where the damages may result from the performance of the decisional act.

¶6 Ranch's argument that § 133 doesn't apply to all of the claims because some of the officials' alleged actions were beyond the scope of their employment is not persuasive or supported by authority. Section 133 cov-

ers any action taken by a public official while acting in an official capacity, even if that action may be beyond the scope of employment or authority, such as neglect of duty.

¶7 IN CASE NO. 91,567, THE TEMPORARY INJUNCTION FILED ON JULY 1, 1998 IS VACATED, SET ASIDE AND HELD FOR NAUGHT.

¶8 IN CASE NO. 91,993, APPLICATION TO ASSUME ORIGINAL JURISDICTION IS GRANTED AND A WRIT IS HEREBY ISSUED, PROHIBITING THE RESPONDENT JUDGE FROM PROCEEDING FURTHER IN *FREEDOM RANCH INC. V. STATE OF OKLAHOMA, EX REL. DEPARTMENT OF MENTAL HEALTH AND SUBSTANCE ABUSE SERVICES ET AL.*, FOR WANT OF PROPER VENUE, CREEK COUNTY DISTRICT COURT CASE NO. CJ–98–24–B.

KAUGER, C.J., SUMMERS, V.C.J., LAVENDER, HARGRAVE, OPALA and WATT, JJ., concur.

ALMA WILSON, J., concurs in part and dissents in part:

I would direct the District Court of Creek County to transfer this case to the District Court of Oklahoma County.

HODGES, J., concurs in part, dissents in part and joins ALMA WILSON, J.