2014 OK CIV APP 93

**Sherry Diane MUSCATO, on behalf of Jenna Elizabeth BUTLER, minor child, Petitioner/Appellee,**

v.

**ShawnMarie MOORE, Defendant/Appellant.**

**No. 111,817.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 7, 2014.

---

4. *State ex rel. Okla. Bar Ass'n v. Burns*, 2006 OK 75 ¶ 24, 145 P.3d 1088.?

Aaron C. Peterson, Law Office of Aaron C. Peterson, Tulsa, Oklahoma, for Petitioner/Appellee.

Wesley E. Johnson, Johnson Law Offices, Tulsa, Oklahoma, for Defendant/Appellant.

KENNETH L. BUETTNER, Judge.

¶ 1    Defendant/Appellant ShawnMarie Moore appeals the trial court's denial of a motion to vacate a victim protection order. Petitioner/Appellee Sherry Muscato, on behalf of her minor daughter, sought a protection order against Moore. Moore argues the evidence does not support granting a permanent protective order based on stalking, because Muscato's daughter did not feel frightened, intimidated, threatened, harassed, or molested by Moore. We hold the trial court did not abuse its discretion by denying Moore's motion to vacate the victim protection order. Affirmed.

¶ 2 Muscato is the mother of Jenna Elizabeth Butler (Muscato's daughter). Moore is the mother of Kelsey Thibedow (Moore's daughter). Muscato's daughter and Moore's daughter were best friends and "went out" in eighth grade when they were "going through a phase." Muscato found what she believed were inappropriate and sexually explicit text messages between Moore, Moore's daughter, and Muscato's daughter on her daughter's cell phone. The text messages allegedly contained information that Moore's daughter was sexually active and that Moore had purchased a sex toy (vibrator) for her daughter. At the time, Muscato's daughter was fourteen-years-old. Muscato told her daughter that she did not want her spending time with Moore's daughter for a while. Muscato also told Moore that she wanted the girls to end their friendship and that she wanted Moore and Moore's daughter to discontinue contact with Muscato's daughter.

¶ 3 Muscato alleges that Moore ignored her request and continued to contact Muscato's daughter and to encourage contact between the girls. In a text message, Moore told Muscato's daughter to keep all communications between them a secret from her mother. Additionally, Moore arrived at a church where Muscato's daughter was volunteering in an attempt to communicate with her and reunite the girls.

¶ 4 After the church incident, Muscato filed a police report and a Petition for a Protective Order based on stalking on behalf of her daughter. The trial court granted an emergency protective order April 9, 2013. A hearing on a permanent protective order was held April 20, 2013. Four witnesses testified. However, Muscato's daughter did not testify and the proceedings were not transcribed. The trial court granted a permanent protective order against Moore for four years. Moore filed a Motion to Vacate the protective order and a Petition in Error on May 23, 2013. The trial court held a hearing on the Motion to Vacate and heard testimony from Muscato's daughter for the first time June 11, 2013. The trial court took the matter under advisement and asked the parties to brief whether a parent has a right to obtain a victim protection order on behalf of a minor child if the child does not testify that he or she felt frightened, intimidated, threatened, harassed, or molested. The trial court denied Moore's Motion to Vacate the protective order.

¶ 5 The trial court's decision on a motion to vacate a judgment is reviewed for an abuse of discretion. *Ferguson Enters., Inc. v. H. Webb Enters., Inc.*, 2000 OK 78, ¶ 5, 13 P.3d 480. Proceedings under the Protection from Domestic Abuse Act are reviewed for an abuse of discretion. *Curry v. Streater*, 2009 OK 5, 8, 213 P.3d 550. Under an abuse of discretion standard, the appellate court examines the evidence in the record and reverses only if the trial court's decision is clearly against the evidence or is contrary to a governing principle of law. *Id.* (citing *State ex rel. Tal v. Okla. City*, 2002 OK 97, ¶ 3, 61 P.3d 234). To reverse under an abuse of discretion standard, an appellate court must find the trial court's conclusions and judgment were clearly erroneous, against reason and evidence. *Id.* (citing *Okla. Tpk. Auth. v. Little*, 1993 OK 116, ¶ 6, 860 P.2d 226).

¶ 6 Title 22, 60.2 authorized Muscato to file a petition for a protective order on behalf of her fourteen year-old daughter.[1] The petition alleged Moore was stalking Muscato's daughter. One definition of stalking in the Protection from Domestic Abuse Act is:

[T]he willful, malicious, and repeated following or harassment of a person by an adult, emancipated minor, or minor thirteen (13) years of age or older, in a manner that would cause a reasonable person to feel frightened, intimidated, threatened, harassed, or molested and actually causes the person being followed or harassed to feel terrorized, frightened, intimidated, threatened, harassed or molested.

22 O.S. 60.1.2.

¶ 7 Moore argues that a protective order based on stalking is not supported by

---

1. Title 22, 60.2 provides, in pertinent part:
   A victim of domestic abuse, a victim of stalking, a victim of harassment, a victim of rape, *any adult* or emancipated minor *household member on behalf of any other family or house-* *hold member who is a minor* or incompetent, or any minor age sixteen (16) or seventeen (17) years may seek relief under the provisions of the Protection from Domestic Abuse Act.
   22 O.S.Supp.2010 60.2.A (emphasis added).

the evidence. Muscato's daughter testified at the hearing on the Motion to Vacate.[2] Moore argues that because Muscato's daughter testified that she did not feel intimidated, threatened, frightened, or harassed by Moore, the trial court abused its discretion by entering a permanent protective order against Moore.

¶ 8 Muscato told Moore that she wanted the girls to end their friendship and that she wanted Moore and Moore's daughter to discontinue contact with her daughter. Although there is no record of the trial court proceedings prior to the hearing on the Motion to Vacate, Moore does not dispute in her appellate brief that she sent text messages to Muscato's daughter and went to the church to find Muscato's daughter after receiving Muscato's admonishment. Muscato's daughter was fourteen years old at the time. A fourteen-year-old girl might not consider Moore's words and actions to be frightening, intimidating, threatening, or harassing. However, Muscato perceived a threat to her daughter. Furthermore, as a minor, even if Muscato's daughter had felt frightened, intimidated, threatened, or harassed, she did not have the capacity to seek relief under the Protection from Domestic Abuse Act.

¶ 9 There is also evidence to support the second definition of stalking:

Stalking also means a course of conduct composed of a series of two or more separate acts over a period of time, however short, evidencing a continuity of purpose or unconsented contact with a person that is initiated or continued without the consent of the individual or in disregard of the expressed desire of the individual that the

contact be avoided or discontinued. Unconsented contact or course of conduct includes, but is not limited to:

a. following or appearing within the sight of that individual,

b. approaching or confronting that individual in a public place or on private property,

c. appearing at the workplace or residence of that individual,

d. entering into or remaining on property owned, leased, or occupied by that individual,

e. contacting that individual by telephone,

f. sending mail or electronic communications to that individual, or

g. placing an object on, or delivering an object to, property owned, leased or occupied by that individual.

22 O.S. 60.1.2. Muscato expressed her desire that Moore discontinue contact with Muscato's daughter. Moore disregarded Muscato's expressed desire that the contact be discontinued. There were two separate acts of unconsented contact after Muscato requested that Moore discontinue contacting Muscato's daughter: (1) Moore continued to send Muscato's daughter telephone text messages, including one instructing Muscato's daughter to keep their communications secret from Muscato; and (2) Moore went to the church to find and contact Muscato's daughter. The first incident constitutes contacting the individual by telephone, and the second incident constitutes approaching the individual in a public place or on private property.

¶ 10 Moore suggests that Muscato's daughter consented to the contact and that only Muscato opposed the contact. As the parent and sole custodian of her minor child, Muscato had the right to decide with whom

---

2. Q. Okay. Now, has [Moore] ever threatened you?

A. No.

Q. Okay. Has she ever made you feel frightened about anything? Ever scared you or made you feel frightened?

A. Not really.

Q. Has she ever done anything in relation, between you and Ms. Moore, that you might consider harassment? You know what harassment is?

A. Yeah. Umm, no.

Q. Some kind of repeated act that you don't want to have happen.

A. No.

Q. Okay. For example, somebody being at the same place you are all the time of [sic] looking at you, or following you, or like, you know, boyfriend, or girlfriend, or somebody that you don't want to have anything to do with that's always around you. Has anything like that happened with Ms. Moore?

A. Umm, I don't feel like harassed or intimidated or anything, but I don't know. No, not really.

her daughter associated and who could contact her daughter.[3] Muscato expressed her desire that Moore discontinue contact with her daughter. Therefore, Moore subsequently contacting Muscato's daughter through text messages and by going to the church is a course of conduct composed of a series of two or more separate acts over a period of time evidencing unconsented contact with a minor that is in disregard of the expressed desire of the parent that contact be discontinued. We affirm the trial court's denial of Moore's Motion to Vacate the four year protective order.

¶11 Muscato requests appeal-related attorney fees in her Answer Brief. Motions for appeal-related attorney fees should be made in accordance with Okla.Sup.Ct.R. 1.14.

¶12 AFFIRMED.

JOPLIN, P.J., and HETHERINGTON, V.C.J., concur.

3. Although this is not a situation where the state seeks to deprive a parent of his or her right to parent, we cannot ignore that "[a] parent's right to make decisions as to care, custody, companionship, and management of his or her children is a fundamental right protected by the federal and state constitutions." *See Troxel v. Granville,* 530 U.S. 57, 66, 120 S.Ct. 2054, 147 L.Ed.2d 49; *In re Adoption of L.D.S.,* 2006 OK 80, ¶13, 155 P.3d 1. The court presumes a fit parent makes decisions in the best interests of his or her children. *See Murrell v. Cox,* 2009 OK 93, ¶30, 226 P.3d 692.