B. STARLOCKI and another vs. SPAFFORD WILLIAMS, impleaded, etc.

## March 1, 1886.

Security for Costs—Justice's Court.—The obligation assumed by giving the statutory security for costs in an action in a justice's court extends to costs incurred in the district court upon appeal thereto.

Same—Action thereon in District Court.—An action to enforce such obligation is not required to be before the justice in whose court such security was given, nor in a justice's court. It may be prosecuted in the district court.

Plaintiffs brought this action in the district court for Houston county upon a memorandum executed by defendant as security for costs in an action brought in a justice's court by the defendant Layland against these plaintiffs, the complaint alleging a judgment of the district court in the action, for costs in favor of the defendants therein, (now plaintiffs.) The answer alleges that Layland had judgment in the justice's court from which an appeal was taken to the district court on questions of law alone, and that the judgment for plaintiffs pleaded in the complaint was a judgment of reversal of the justice's judgment. A demurrer to this answer was sustained by Farmer, J., and the defendant Williams appealed.

W. H. Harries, for appellant.

P. J. & E. H. Smalley, for respondents.

DICKINSON, J. 1. The obligation assumed by executing a memorandum, as security for costs, in an action before a justice of the peace, pursuant to Gen. St. 1878, c. 65, § 11, is not limited to the costs incurred in the justice's court, but extends to costs in the same action in the district court, to which the action may have been car-

ried by appeal. *Robinson* v. *Plimpton*, 25 N. Y. 484; *Traver* v. *Nichols*, 7 Wend. 434; *Dunn* v. *Sutliff*, 1 Mich. 24; *Smith* v. *Lockwood*, 34 Wis. 72.

2. It is urged that an action upon the memorandum or undertaking can only be prosecuted in justice's court. The appellant, in support of this, relies upon the clause in the statute cited above, which declares, with respect to such memorandum, that "an action may be maintained thereon, before said justice, to recover the costs." We think that this language has not the effect which the appellant attributes to it, and that an action may be maintained in the district court, as well as in justice's court. The clause recited above was not in the law originally, but was subsequently incorporated in it. Pub. St. 1858, c. 59, § 9; Gen. St. 1866, c. 65, § 9. Prior to the amendment introducing this clause in the statute, the legal obligation created by executing the statutory memorandum or undertaking for costs was unquestionably enforceable by action in the district court, or in a justice's court if the amount in controversy did not exceed the jurisdictional limit of that court. If the purpose of the amendment was to restrict this remedy, as it had before existed, so that thereafter an action to enforce the legal obligation could be maintained *only* before "said justice," or before some justice of the peace, it is improbable that such a purpose would have been expressed in the language above recited. In form, the language is permissive and not restrictive. The words "said justice" properly refer to the justice before whom the security was given; and so, if a restrictive effect is to be ascribed to the language, it would seem to require that the action shall be brought only before that justice. Yet that would make the remedy unavailable in many cases not unlikely to occur,—as where that justice may have gone out of office, or may have died, or become incapacitated from performing his duties,—and so, even though the language be regarded as limiting the right of action to justices' courts generally, it would in effect deny a remedy in respect to costs exceeding in amount the constitutional limit of the jurisdiction of justices of the peace.

The probable purpose of the legislature in incorporating the above clause in the law was to authorize an action to be maintained before

the justice in whose court the costs may have been incurred, notwithstanding any interest which he might be supposed to have in the recovery. We need not consider whether the statute was intended to be or is effectual to authorize the prosecution of an action before such justice in cases where, but for this provision, some actual interest in the recovery would have disqualified him from acting judicially.

Order affirmed.