[No. 12068. Department One. November 27, 1914.]

THE STATE OF WASHINGTON, *on the Relation of Illinois Surety Company et al.*, *Plaintiff*, v. THE SUPERIOR COURT FOR JEFFERSON COUNTY, *Respondent.*[1]

COSTS — SECURITY — LIABILITY ON NONRESIDENT COST BOND — REVERSAL OF JUDGMENT. The surety on a nonresident's cost bond in the court below is not discharged from liability on the bond by an erroneous judgment for its principal, the plaintiff, where such judgment was reversed on appeal and the action dismissed with costs to the defendant; as a reversed judgment is no judgment; in view of Rem. & Bal. Code, § 495, providing that the bond shall be conditioned to pay all such costs and charges as may be awarded to the plaintiff by the judgment, or in the progress of the action.

SAME—LIABILITY ON NONRESIDENT COST BOND—COST ON APPEAL. Liability on a nonresident plaintiff's bond for costs, awarded against plaintiff "by the judgment or in the progress" of the action, under Rem. & Bal. Code, § 495, is limited to costs in the lower court, notwithstanding the judgment was reversed on appeal by defendants, with costs on appeal; in view of the fact that the bond is provided as a condition precedent to action, and then only on demand, and in view of Id., §§ 1721, 1722, providing that the appellant furnish another distinct appeal bond conditioned to pay costs and damages awarded on the appeal.

Certiorari to review a judgment of the superior court for Jefferson county, Ralston, J., entered April 28, 1914, against a surety on a nonresident cost bond, after a reversal of a judgment on appeal. Modified.

*Walter B. Allen* and *C. M. Baxter*, for relators.

*Tom W. Holman* (*H. D. Folsom, Jr.*, of counsel), for respondent.

ELLIS, J.—Certiorari to review proceedings in the superior court of Jefferson county resulting in a judgment for costs against the relator as surety upon a nonresident's cost bond. There is no dispute as to the facts.

[1]Reported in 144 Pac. 292.

One Milan Zizich, a nonresident, brought suit against the Holman Security Investment Company, a resident of Jefferson county, to foreclose a lien. The defendant therein demanded the usual nonresident's cost bond. Zizich furnished the bond, with the Illinois Surety Company as surety. The plaintiff Zizich recovered judgment in the court below. On appeal by the defendant in that action, this court reversed the judgment and ordered judgment for the defendant. The defendant's trial costs were taxed by the trial court at $127, and its appeal costs were taxed in this court at $205.40, making a total of $332.40. Upon the return of the remittitur, the trial court entered judgment for all of the defendant's costs against the plaintiff Zizich and for $200 thereof against the surety company, relator herein.

The relator contends, (1) that it was released from all liability on the nonresident cost bond by the entry of the original judgment for the plaintiff, its principal, in the trial court, notwithstanding the reversal of that judgment as erroneous by this court with direction to dismiss the action; (2) that in any event the surety on the nonresident cost bond is bound only for the costs incurred in the trial court and not for the costs of the appeal.

The first position cannot be sustained on any sound theory. As we read the statute, Rem. & Bal. Code, § 495 (P. C. 81 § 1317), it concludes the question. It provides that the bond shall be conditioned that the sureties, "will pay such costs and charges as may be awarded against the plaintiff by judgment, or in the progress of the action," not exceeding $200. There is nothing in this section indicating that the bond shall be discharged by an erroneous judgment in favor of the plaintiff subsequently reversed, any more than that it shall become absolute by an erroneous judgment in favor of the defendant subsequently reversed. A reversed judgment is no judgment. It is superseded by the judgment ordered on appeal or rendered pursuant to an order for a new trial. The trial costs are taxable in the trial court. They go, as

a matter of right, in favor of the prevailing party (Rem. & Bal. Code, § 476 [P. C. 81 § 1279]), and in all cases where not allowed to the plaintiff "the defendant shall be entitled to have judgment in his favor for the same." Rem. & Bal. Code, § 479 (P. C. 81 § 1285). Clearly, in the absence of some direction by this court to the contrary in its judgment of reversal, these provisions apply to the entry of judgment for trial costs by the trial court in the judgment entered on the return of the remittitur, as well as to that entered in the first instance. The last judgment, then, becomes the only judgment in the action and carries, as of course, costs in favor of the finally prevailing party. Since his principal is not discharged of liability for costs by the erroneous judgment subsequently reversed, there is no reason why the bondsman should be, in the absence of a statute so declaring. We hold that the trial court had ample warrant in law for the entry of a judgment against the plaintiff and his bondsman for the costs taxed against the plaintiff in the trial court, without specific direction from this court.

The second question is one of greater difficulty. It is urged, with much apparent reason, that the costs of the appeal are costs and charges awarded against the plaintiff "in the progress of the action," hence fall within the terms of the nonresident's bond. That bond, however, is required only as a condition precedent to the prosecution of the action by a nonresident in the lower court, and then only on demand. The statute providing for it makes no reference to an appeal. The statute governing appeals makes the appeal ineffectual for any purpose unless the party appealing file an appeal bond in the sum of $200, conditioned "that the appellant will pay all costs and damages that may be awarded him on the appeal, or on the dismissal thereof." Rem. & Bal. Code, §§ 1721, 1722 (P. C. 81 §§ 1193, 1195). A reading of the two statutes convinces us that it was the intention of the legislature that the two distinct bonds should be given in aid of the exercise of the distinct jurisdiction of the two courts,

the one of first instance, the other appellate. The costs of the trial accrue in, and are taxed, solely in the first instance by the trial court. The costs of the appeal accrue in and are taxed solely by the appellate court. Since the one bond is required as incidental to the initiation of proceedings in one court, the other as incidental to effectual proceedings in the other court, it would seem that each bond should be held to be addressed to the costs accruing in that court in which alone the respective bond is required. This is a construction so natural, so simple and so free from confusing complications as to induce the belief that the legislature never intended to extend the security of the nonresident's cost bond to cover any part of the costs on appeal.

There are authorities from other jurisdictions which hold contrary to the view here expressed. They are, however, all meagerly reasoned and rest upon statutes unlike our own.

The judgment against the relator should include only the costs accruing in the trial court. The cause is remanded with direction to so modify the judgment.

MAIN, GOSE, and CHADWICK, JJ., concur.