J. U. VERMILLION, Appellant, v. MAGGIE COLEMAN et al., Respondents.

In the Springfield Court of Appeals, May 12, 1924.

1. **EXECUTORS AND ADMINISTRATORS:** Judgment for Costs Held Demand Against Decedent Estate Barred if not Timely Made. Where defendant's decedent obligated himself as surety on bond for cost which had accrued in certain action and for which judgment was

rendered, and for costs thereafter to accrue, it was a demand against his estate which should have been filed under Revised Statutes 1919, sections 185, 186, and, not having been filed in probate proceeding, it was barred.

2. **COSTS: Surety on Cost Bond Held Bound for Costs Accrued and Chargeable to Plaintiff.** Where surety in cost bond obligated himself to pay all costs that had accrued or that would thereafter accrue in named cause, costs of judgment rendered against original plaintiff on former appeal were costs which had accrued in such action, and were within condition of the bond given under Revised Statutes 1919, sec. 1690.

Appeal from the Circuit Court of Lawrence County.— *Hon. Chas. L. Henson,* Judge.

AFFIRMED.

*D. S. Mayhew* for appellant.

(1) Section 1690, Revised Statutes 1919, provides for the giving of cost bond on motion. Section 1694 provides that the prevailing party recover his costs. Section 1479 provides that losing party on appeal pay costs of printed abstracts and appeal fee. The bond is just as broad as the principals' liability. (2) When a surety signs bond and same is filed, he voluntarily becomes a party to the record in the cause. Calhoun v. Gray, 150 Mo. App. 591; Hendricks v. Carson, 97 Ind. 245.

*E. J. McNatt* for respondent.

(1) The cost bond signed by M. L. Coleman did not contemplate nor cover the item sued for in this action. R. S. 1919, sec. 1479; Bailey v. McCormick, 22 W. Va. 95; Wheeler v. Myer (Mich.), 55 N. W. 688. (2) If the said M. L. Coleman was ever bound by said cost bond to pay the item sued for in this action, it was a fixed, determinable obligation at the time he signed the bond, and demand therefor having not been filed in probate court within a year from the date of letters of adminis-

tration on his estate, is barred. Revised Statutes 1919, sec. 186.

FARRINGTON, J.—We adopt appellant's statement of this case as set forth in the brief, which is as follows:

"In the year 1911, there was a suit brought in the Circuit Court of Barry County by the Elks' Investment Co., a corporation, v. L. B. Jones, W. C. Hathaway, J. U. Vermillion, LeRoy Jeffries and W. A. Bridges. This suit was on a contractor's bond. Jones and Bridges built the Elks' Hall in Monett, and J. U. Vermillion, W. C. Hathaway and LeRoy Jeffries were sureties on the bond. It was appealed on the ground that there had been material changes made in the contract by the plaintiff. Vermillion appealed and put up the money for all expense and the case was reversed and remanded. In the meantime while the case was pending in the Supreme Court, the plaintiff and respondent, the Elks' Investment Co., became insolvent. When the case came back for a new trial the Elks' Investment Co. was required to give security for costs of said case. Judgment was given Vermillion in the regular way for costs of printing abstract and appeal fee amounting to $144. The Company being insolvent, this stood as part of the costs that had accrued by virtue of the original suit. It was then that the Elks' Investment Company gave security for costs with M. L. Coleman as security, who was at that time the husband of Maggie Coleman, one of the respondents, and father of the other defendants. The case then went on a change of venue to Jasper County and was continued from term to term and in the meantime Coleman had died, as shown in the statement of facts in evidence. The case was dismissed at the January Term, 1923, for failure to prosecute. The security bond signed by Coleman was as follows:

"We, the undersigned, obligate ourselves to pay all costs that have accrued or that may hereafter accrue in the above entitled cause.

"ELKS' INVESTMENT COMPANY,
"By I. V. McPHERSON, Attorney in Fact.
"M. L. COLEMAN."

In addition thereto we add the further fact, not therein stated, that M. L. Coleman, the security on the cost bond given in the circuit court, died in March, 1917. His estate was duly administered in the probate court and final settlement made May 13, 1918. The suit in which the bond was given was continued and finally dismissed in January, 1923.

The trial court gave judgment for the defendant, and it is from that judgment the appellant brings the cause here. Respondents contend that the judgment should be affirmed on two grounds: First, that the cost bond, given after judgment had been rendered in the Supreme Court adjudging the costs of appeal in favor of the defendant, appellant in that case and appellant here, did not cover such costs of appeal. Second, that it being a judgment for costs, rendered in defendant's favor and fixed in amount, was a demand which should have been filed under sections 185 and 186, Revised Statutes 1919, and not having been filed in the probate proceeding in the estate of Coleman, the surety on the bond, the claim against his estate or the heirs of his estate who inherited his property, is forever barred.

We are of the opinion that the judgment of the trial court must be affirmed on the last proposition, because whatever may have been the disposition of the case originally begun against the defendant in the original suit, the judgment for his cost of appeal rendered in the Supreme Court was fixed and entitled him to an execution. His demand was fixed and in the form of a judgment, and was clearly such demand as is contemplated under sections 185 and 186, Revised Statutes 1919. We, therefore, hold that the trial court properly rendered judgment for the defendant, because under the sections above referred to the demand was barred against the estate of M. L. Coleman or those holding under him

subject to demands which were or should have been filed in the probate court.

On the question of the liability of the surety bond for the costs rendered in the appeal to the Supreme Court, attorneys for both appellant and respondents are anxious for an expression from this court. As we view this question, section 1690, Revised Statutes 1919, provides for the giving of a cost bond either where the plaintiff has become a non-resident, or that the officers of the court are in danger of losing their legal demands, or in case the court is satisfied that a plaintiff is unable to pay the costs of suit; and the condition of the bond required by that statute which was given in this case, is that the plaintiff and his sureties bind themselves to pay all costs which have accrued or may accrue in such action. The costs for which this suit was instituted had accrued in the original action when the cost bond was given, and before the cost bond was given, and thereafter the plaintiff in that suit was liable to the defendant of that suit for those costs. When the cost bond was given the surety bound himself to be obligated for such costs as had accrued and were chargeable against the plaintiff, as well as such costs as might thereafter be made in the case. The costs rendered against the original plaintiff in the appeal to the Supreme Court were certainly costs which had accrued "in such action" and clearly within the condition of the cost bond given under section 1690, Revised Statutes 1919. Attorneys for both appellant and respondents here state in their briefs that they have been unable to find a case in Missouri passing on this question. We, therefore, affirm the judgment of the trial court on the ground that the claim sued for here against the heirs of M. L. Coleman, deceased, had been long since barred under section 186, Revised Statutes 1919. *Cox, P. J.,* and *Bradley, J.,* concur.