510

## MABEE OIL & GAS CO. v. PRICE.

No. 32364.   March 11, 1947.

Rehearing Denied April 29, 1947.

*179 P. 2d 916.*

Logan Stephenson, F. C. Swindell, and Q. M. Dickason, all of Tulsa, and T. H. Wren, of Okemah, for plaintiff in error.

Stephenson & Stephenson, of Okemah, for defendant in error.

PER CURIAM. The question presented on this appeal is as to whether a surety on a cost bond, given by plaintiff at the commencement of an action, is liable for costs incurred on appeal to this court, where a judgment in favor of plaintiff is reversed on appeal and judgment thereafter rendered on the mandate in favor of defendant.

In February, 1942, John Thomas filed an action in the lower court against Mabee Oil & Gas Company, hereinafter referred to as appellant, for the recovery of a money judgment. N. J. Price, who will be referred to herein as appellee, signed plaintiff's cost bond as surety. Thomas prevailed in the lower court. The judgment was reversed on appeal, and upon receipt of mandate, judgment was entered in the lower court in favor of defendant, and costs, including the costs of appeal, were assessed against the plaintiff. Appellee, surety on the bond, thereafter paid all costs accrued in the trial court but refused to pay the costs incurred in this court on appeal. Appellant then presented his application for judgment against the surety for such costs as provided by 12 O. S. 1941 § 925. The trial court denied the application. The items of costs involved consisted of $25 deposit made by appellant when he lodged his appeal and $208.80 costs of case-made. Appellant proceeded to have the costs of case-made assessed against plaintiff in the original action as provided by rule 32 of the amended rules of this court.

It is the contention of appellant that since he finally prevailed in the original action he is entitled to recover all costs which have been adjudged against plaintiff in that action, including the costs incurred in this court on appeal, while appellee's contention is that he is only liable for the costs incurred in the trial court. While there is an apparent conflict in the authorities on this question, we think, under our statute and the weight of authority construing like statutes, appellant's contention must be sustained. The statute, 12 O. S. 1941 § 921, in part provides:

"In any civil action hereafter filed in any court of record before the court clerk shall be required to issue any summons or other process therein, there shall be filed by, or on behalf of plaintiff, a bond for cost with one or more good and sufficient sureties, one of whom shall be a resident of the county in which the action is filed, or with some bonding company as such surety, conditioned that the plaintiff will pay all

costs which may be adjudged against him, . . ."

This section further provides that plaintiff may in lieu of cost bond make cash deposits from time to time sufficient to secure the costs as they accrue during the progress of the trial.

Plaintiff in the original action elected to make cost bond. The bond contained provisions as provided by statute. Appellee signed this bond as surety. The statute and the terms of the bond provide that the surety shall be liable for costs which may be adjudged against plaintiff. When judgment was reversed by this court, appellant, under the provisions of 12 O. S. 1941 § 978, was entitled to recover all costs incurred in this court on appeal, including costs of the case-made. These costs were properly adjudged against plaintiff in the original action, and under the plain provisions of the statute and terms of the bond, the surety is liable for such costs.

In vol. 14, Am. Jur. p. 30, § 47, it is said:

"Under some statutes a surety is bound for the payment of all costs which may be adjudged against the plaintiff during the pendency of the action. It has been held that costs made on appeal are recoverable against the surety under a bond for all costs that may be adjudicated against the complainant where a decree for the complainant was reversed on appeal, there being nothing in the statute limiting the surety's liability to the costs of the court in which the suit was pending at the time the security for costs was given."

In discussing this question, under statutes very similar to ours, the Court of Appeals of Missouri, in the case of Vermillion v. Coleman, 216 Mo. A. 239, 262 S. W. 431, said:

"As we view this question, section 1690, R. S. 1919, provides for the giving of a cost bond either where the plaintiff has become a nonresident, or the officers of the court are in danger of losing their legal demands, or in case the court is

satisfied that a plaintiff is unable to pay the costs of suit; and the condition of the bond required by that statute which was given in this case is that the plaintiff and his sureties bind themselves to pay all costs which have accrued or may accrue in such action. The costs for which this suit was instituted had accrued in the original action when the cost bond was given and before the cost bond was given and thereafter the plaintiff in that suit was liable to the defendant of that suit for those costs. When the cost bond was given, the surety bound himself to be obligated for such costs as had accrued and were chargeable against the plaintiff, as well as such costs as might thereafter be made in the case. The costs rendered against the original plaintiff in the appeal to the Supreme Court were certainly costs which had accrued 'in such action,' and clearly within the condition of the cost bond given under section 1690, R. S. 1919."

Victory Sparkler & Specialty Co. v. Price, 146 Miss. 192, 111 So. 437. In that case the surety on the cost bond became obligated by virtue of the provisions of the statute and terms of the bond to pay all costs which might be adjudged against plaintiff. The court there held that upon the reversal of the judgment rendered in favor of plaintiff the surety on his bond became liable for all costs which had accrued in the action, including costs of appeal to the appellate court. Glameyer v. Hamilton (Tex. Civ. App.), 60 S. W. 471; Starlocki v. Williams, 34 Minn. 543, 26 N. W. 909; Hendricks v. Carson, 97 Ind. 245.

Appellee, among other cases, relies upon the case of Bailey v. McCormick, 22 W. Va. 95, and State v. Oxley, 95 W. Va. 160, 120 S. E. 383. In these cases the conclusion is reached under a cost bond statute similar to our own that where judgment in favor of plaintiff is reversed on appeal, the surety thereon is not liable for costs accruing in the appellate court. It is, however, pointed out in these cases that the appeals were there taken by writ of error; that the suing out of such writ constitutes the institution of a new or original action in the appellate court rather than a con-

512

tinuance of the suit commenced in the trial court. This is the theory upon which the court reached its conclusion in the above cases. In the latter case the court, however, in reaching this conclusion also said:

"Is the case when brought here on appeal a new suit or is it a continuance of the old so far as it respects costs incurred here? If it is a continuance of the old suit, then since the next friend gave bond for the costs incurred by the defendants in that suit, the surety on the bond would be liable for the costs, whether incurred in the circuit court or in this court."

Under our appellate procedure the lodging of an appeal in this court does not constitute the institution of a new or original suit, but is merely a continuance of the suit commenced in the trial court. Springfield Fire & Marine Ins. Co. v. Gish, Brooks & Co., 23 Okla. 824, 102 P. 708; Woods v. Chicago, R. I. & P. Ry. Co., 129 Okla. 91, 263 P. 446.

In view of our theory of appellate procedure and in the light of the expression of the West Virginia Court in the Oxley Case, supra, the cited cases would appear to support the contention of appellant rather than that of appellee.

Counsel for appellee also refer to the case of State ex rel. Illinois Surety Co. v. Superior Court of Jefferson County, 82 Wash. 361, 144 P. 292. This is a well reasoned case and in some degree tends to support his contention. The court, however, in that case rests its conclusion, at least in part, upon the statute of that state governing appeals, a statute unlike our own, and the case therefore is not strictly in point. The cases of Clark v. Quackenboss, 28 Ill. 112, and Ortmann v. Merchants' Bank of Canada, 42 Mich. 464, 4 N. W. 167, are also relied upon. The opinions do not discuss the statutory provisions involved nor do they disclose the theory upon which the courts there reached their conclusions.

The costs sought to be assessed against the surety are costs which had accrued in the progress of the case. The proceeding in this court was a mere continuance of the suit commenced in the trial court. The costs incurred on appeal in this court are part of the costs in that case. The defendant, appellant herein, finally prevailed. It was therefore entitled to recover all its costs. The surety on the cost bond under the provisions of the statute obligated himself to pay all costs that might be adjudged against plaintiff in the original action. Counsel for appellee concede that these costs were adjudged against him; that they were properly assessed as against him and that he is liable therefor. The surety is likewise liable.

Reversed, with directions to enter judgment in accordance with the views herein expressed.

HURST, C.J., DAVISON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and GIBSON, JJ., concur.

Rehearing Denied April 29, 1947.