David YOUNG, individually and as District Attorney # 24, State of Oklahoma prior to January 6, 1987, Appellant,

v.

John WALTON, individually and as Assistant District Attorney # 24, State of Oklahoma, since January 5, 1987, Wesley Thompson, individually and as part-time Assistant District Attorney # 24, State of Oklahoma, since January 5, 1987, and Lantz McClain, individually and as District Attorney # 24, State of Oklahoma, since January 5, 1987, Appellees.

No. 74779.

Supreme Court of Oklahoma.

March 5, 1991.

David Young, Sapulpa, pro se.

Robert H. Henry, Atty. Gen., Glen D. Hammonds, Asst. Atty. Gen., Oklahoma City, for appellees.

OPALA, Chief Justice.

The dispositive issue in this appeal is whether venue lay in Okfuskee County, where the plaintiff sued in contract and in willful tort. We answer in the negative.

This is an action by a former district attorney (plaintiff or Young) against his successor (McClain) and two of the latter's assistants (collectively called defendants) for nonfeasance in public office and breach

of implied contract. The wrong consists of the defendants' willful neglect of statutory (and contractual) duty to provide him appeal-related defense services in another case whose operative facts arose before his term in office had expired.[1] Plaintiff seeks to recover the value of services rendered and the expenses incurred when the defendants' willful omissions forced him to provide legal services for himself.[2] The claim, sounding both in contract and tort, was pressed against the defendants in their individual as well as official capacities. The plaintiff also sought punitive damages.

Defendants had moved to dismiss for improper venue and for failure to state a claim upon which relief can be granted. They argued below that venue lay not in Okfuskee County, where this action was brought, but in Creek County, where the primary events pertaining to this claim had occurred. The trial court agreed the action was wrongly brought in Okfuskee County,

but, instead of merely transferring the case, it made other rulings. It sustained defendants' motion to dismiss for failure to state a legally cognizable claim; the plaintiff's discovery motion and his oral motion to transfer the case to Creek County were both denied.

■ The plaintiff argues on appeal that when the defendants responded to the original petition by making a *"special appearance,"* they *waived* the defenses of improper venue and of failure to state a claim upon which relief can be granted. The terms of 12 O.S.Supp.1984 § 2012(A)[3] do provide that the filing of "an appearance" within the twenty-day period after service of process *extends* the time to respond *and operates as a waiver* of certain challenges. This statute, though, applies only to a defendant's *general* or perhaps to an unspecified appearance, not to one that is explicitly qualified.[4] The defendants were not

---

**1.** The plaintiff refers us to no specific statute imposing upon the defendants a duty to provide him legal services in the other appealed case. We note the provisions of 19 O.S.1981 § 215.25, *infra,* which neither party has called to our attention, with a view to commending its consideration in the trial court's post-remand assessment of that statute's applicability as a possible bar to this action.

The terms of 19 O.S.1981 § 215.25 are:

"In the event an action is brought against a county employee in any civil action or special proceeding in the courts of this state or of the United States by reason of any act done or omitted in good faith in the course of employment, it is the duty of the district attorney for that county, when requested in writing by the employee, to appear and defend the action or proceeding in his behalf. Such written request shall be made within fifteen (15) days after service of summons on the employee and a copy of the request shall be transmitted by the employee to his immediate supervisor and the district attorney.

"B. The district attorney shall not represent a county employee if that employee did not perform a statutorily required duty and such duty is a basis of the civil action or special proceeding.

"C. The district attorney may intervene in any such action or proceeding and appear on behalf of any county within his district, or any of its officers or employees, where he deems the state to have an interest in the subject matter of the litigation.

"D. The district attorney shall determine the method of preparation and presentation of such defense. The district attorney or other

legal officer under his direction shall not be held civilly liable for the exercise of such discretion.

"E. The employee named in the action may employ private counsel at his own expense to assist in his defense.

"F. Any officer or employee who acts outside of the scope of his official authority shall be liable in damages in the same manner as any private citizen."

**2.** We note that a public entity's agent is not protected by the Governmental Tort Claims Act (51 O.S.Supp.1985 § 151 et seq.) from individual liability for *intentional* acts or omissions. *Holman by and through Holman v. Wheeler,* Okl., 677 P.2d 645, 647 (1983); *Fox v. Oklahoma Memorial Hosp.,* Okl., 774 P.2d 459, 461 (1989).

**3.** The pertinent terms of 12 O.S.Supp.1984 § 2012(A) provide:

" * * * Within twenty (20) days after the service of the summons and petition upon him, a defendant *may file an appearance which shall extend the time to respond* twenty (20) days from the last date for answering. The filing of such an appearance *waives* defenses of paragraphs 2, 3 [improper venue], 4, 5, 6 [failure to state a claim upon which relief can be granted], and 9 of subsection B of this section. * * * " (Emphasis added.)

**4.** The record shows that the defendants, by their "Special Appearance *and* Request for Enlargement of Time in which to further Answer or Plead," were granted additional time to respond.

hence precluded by law from either objecting to venue or questioning the sufficiency of the allegations to state a claim for relief.

■ The plaintiff next urges that venue lies in Okfuskee County because several events occurred there. For example, after assuming the duties of district attorney, plaintiff's successor (McClain) personally delivered the litigation file to one of his assistants in Okfuskee County along with trial transcripts of the appealed case. The assistant was there instructed "to read the files and be prepared to retry the case." Although a "legal memorandum" was prepared in Okfuskee County, the assistant had not been told to, and did not, prepare any briefs critical to the appellate review process. He did write the brief supporting their application in the Supreme Court for leave to withdraw as attorneys of record in that appeal. In short, the plaintiff views Okfuskee County as the place where the defendants committed the "overt" acts that precipitated this lawsuit.

We conclude that venue lies in Creek County. *When the plaintiff sought, in open court, the action's transfer to Creek County, he, in effect, abandoned his earlier position that venue lay in Okfuskee County.* His request is tantamount to an acknowledgment that the action should have been brought in Creek County. In this posture of the record further discussion of the action's *situs* would well-nigh be unnecessary, but because we view the venue controversy as one of public interest, it is reached today for our resolution.

■ The statutes which govern this lawsuit's venue dictate that it be transferred to Creek County. The terms of 12 O.S. 1981 § 133 (Second) provide that actions "against a public officer ... for neglect of his official duties ... *must* be brought in

the county where the cause, or some part thereof arose...." (Emphasis added.) According to the record, the case in which the plaintiff rendered the appeal-related legal services originated in Creek County. Although McClain is a public official in District No. 24, which is comprised of both Okfuskee and Creek counties, *he resides in Creek County*, where, as the plaintiff admitted below, the defendant's decisions critical to the litigation out of which the contest arose were made.[5]

Recognizing Creek County as the proper *situs* would also be conformable to the statute which regulates venue in an action for payment under a "written or oral contract relating to the purchase of ... labor or services."[6] Venue lies *either* "in the county in which venue may be properly laid as now provided by law;"[7] *or* "in the county in which the debt was contracted...."[8] The implied contract between the plaintiff and McClain was formed, if at all, in Creek County.

This controversy is over a public official's failure to perform legal services *in the appeal of a case that originated in Creek County.* Since an appeal's commencement is but a "mere continuance" of the suit brought in the district court,[9] venue for a claim arising out of *appeal-related* acts and omissions is proper in the county where the case originated—Creek County.

■ Inasmuch as venue does not properly lie in Okfuskee County, the trial judge was without power to affect the merits of the case *but was duty bound to transfer the action* to the county where it could be rightly brought.[10] Unlike the trial court, we cannot declare, on the scanty record before us, that the claim is nonactionable as a matter of law. The plaintiff's discovery motion, which was denied below,

---

5. In an action against a public official, venue is established by the *"decisional act"* of the public officer in the county of his official residence. *Grand River Dam Authority v. State,* Okl., 645 P.2d 1011, 1013 (1982); *Ordinance, etc. v. Dist. Court, etc.,* Okl., 613 P.2d 746, 750 (1980); *Office of Gov'r—Dept. of Indus. Dev. v. Dalton,* Okl., 560 P.2d 971, 973 (1977).

6. 12 O.S.Supp.1987 § 142.

7. 12 O.S.Supp.1987 § 142(a).

8. 12 O.S.Supp.1987 § 142(b).

9. *Mabee Oil & Gas Co. v. Price,* 198 Okl. 510, 179 P.2d 916 (1947) (the court's syllabus ¶ 2).

10. *Pribram v. Fouts,* Okl., 736 P.2d 513, 515–516 (1987).

may be re-tendered on remand to the transferee court for consideration not inconsistent with this opinion.

AFFIRMED IN PART AND REVERSED IN PART; CAUSE REMANDED WITH DIRECTIONS TO TRANSFER THE CASE TO THE DISTRICT COURT IN CREEK COUNTY FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS PRONOUNCEMENT.

HODGES, V.C.J., and LAVENDER, SIMMS, HARGRAVE, KAUGER and SUMMERS, JJ., concur.

ALMA WILSON, J., concurs in result.

DOOLIN, J., disqualified.