Thomas C. SPANN, Claimant, S.M. Rezaian, M.D., and David Barcohana, M.D., Medical Providers, Petitioners,

v.

GENERAL MOTORS CORPORATION, Own Risk, and the Workers' Compensation Court, Respondents.

No. 75015.

Court of Appeals of Oklahoma, Division 2.

April 30, 1991.

Rehearings Denied June 3, 1991.

Certiorari Denied July 26, 1991.

William S. Murphy, Jr., Laura Beth Murphy, Murphy & Murphy, Oklahoma City, for petitioners.

Vicki Robertson, Julie Trout Lombardi, Holloway, Dobson, Hudson & Bachman, Oklahoma City, for respondents.

MEANS, Judge.

Medical providers S.M. Rezaian, M.D., and David Barcohana, M.D., seek review of the order of a workers' compensation court trial judge which directed payment of the physicians' fees in accordance with the Oklahoma Schedule of Medical Fees. Having reviewed the record and applicable law, we reverse and remand.

In August 1983, claimant Thomas C. Spann injured his back while working for employer General Motors Corporation. The parties entered into a Form 14 agreement, approved by the court, which set permanent partial disability at five percent and ordered benefits paid accordingly.

In 1986, Claimant moved to California. On December 24, 1986, he filed a Form 9 request for hearing on motion to reopen on change of condition. In October 1987 he filed a second Form 9 to request hearing on temporary disability and medical treatment from October 22, 1986, to October 27, 1987; on a motion to reopen on change of condition; and on a Form 19 request for payment of charges for medical services.

Attached to the second Form 9 were letters and reports regarding medical treatment by Dr. Rezaian, an orthopedic surgeon in Beverly Hills, California. In March 1987 Employer had authorized "medical care and attention at the hands of" Dr. Rezaian. In April, the doctor had discovered bulging discs in both the cervical and lumbar regions of Claimant's spine. Employer authorized a "myelogram and surgery" to alleviate the conditions.

On April 17, Claimant underwent a percutaneous nucleotome (discectomy) for the lower disc. In May, counsel for Claimant forwarded to counsel for Employer a California form "notice and request for allowance of lien," signed by Dr. Rezaian, in the amount of $9590. In June, Claimant underwent a second surgery for relief of the cervical disc problems. Dr. Rezaian directly notified Employer of both surgeries by letter dated June 15.

The next item appearing of record before us is an order of the court dated January 5, 1988, in which the court found a change for the worse from the August 26, 1983, injury and ordered temporary total disability paid from October 22, 1986, through July 28, 1987. The court then directed as follows:

That Respondent or Insurance Carrier shall pay all reasonable and necessary medical expenses incurred by the Claimant for the correction of Claimant's condition brought about by said injury, specifically the medical expenses of S.N. Rezaian, M.D. and David Barcohana, M.D. and Roxsan Radiology Medical

Group. All other medical expenses are reserved for a Form 19 hearing; Respondent to furnish physical therapy to Claimant by Dr. Barcohana until further Order of the Court.

In February 1988 Claimant filed a third Form 9, seeking, inter alia, a Form 19 hearing for Dr. Rezaian. Attached to the Form 19 was a copy of the doctor's bill in the amount of $19,313.92. The amount sought was inclusive of the $9590 previously submitted, and credited $1931 paid to date by Employer.

In March, Claimant filed a fourth Form 9 on the issue of payment to "Roxsan Radiology/Kolpack, MD." On May 23, the trial court reserved the issue of medical expenses for a Form 19 hearing.

In June 1988, Claimant filed a fifth Form 9, requesting a Form 19 hearing for Dr. Rezaian, Braco Medical Clinic, Critical Care Assoc. II, and David's Pharmacy. This request was again deferred.

Claimant filed his next Form 9 on March 8, 1989. He sought payment of the following charges: $19,313.92 to Dr. Rezaian, $8485 to Dr. Barcohana, $140 to Critical Care Assoc. II, and $736.98 reimbursement for miscellaneous bills paid by Claimant. The parties stipulated that Claimant was entitled to the reimbursement, but Employer objected to the reasonableness of the Rezaian and Barcohana charges as exceeding the Oklahoma fee schedule.

The Form 19 hearing was finally held on August 1, 1989. The trial court ordered Claimant's reimbursement paid, and then found as follows:

4

THAT based upon a review of the total charges of $24,818.00 submitted for payment by Doctor S.M. Rezaian, respondent is ordered to pay the sum of $4,829.23 as full, final and complete payment for all professional services to claimant.

5

THAT the Court further finds all charges submitted in excess of $4,829.23

were unreasonable pursuant to the Oklahoma Medical Fee Schedule in effect at the time the services were rendered.

6

THAT the Court finds based on a review of the total charges of $7,230.00 submitted for payment by the Barco Medical Clinic, Inc., respondent is ordered to pay the sum of $3,486.93 (less $420 paid by General Motors directly to claimant) as full, final and complete payment for all professional services to claimant.

7

THAT the Court finds all charges submitted in excess of $3,486.93 were unreasonable pursuant to the Oklahoma Medical Fee Schedule in effect at the time the services were rendered.

Rezaian and Barcohana appealed this order to the three-judge panel. The panel vacated the order and remanded "for further findings as to Medical Fee Schedule." Upon remand, the trial judge ordered Employer to pay "all necessary and undisputed medical expenses incurred by claimant as a result of the above stated injury or injuries, which do not exceed the maximum allowed by the Oklahoma Workers' Compensation Schedule of Medical Fees in effect on the date the treatment was rendered." From this order, Rezaian and Barcohana have sought our review.

■ The physicians argue in their first proposition of error that the January 1988 order conclusively determined the reasonableness of their charges. They reason that, because the order was not appealed, it constitutes a bar to relitigation of the reasonableness issue, and conclude that the trial court was without jurisdiction to later modify the order and decrease the expenses payable to them.

The language of the January 1988 order is, at best, ambiguous. We have no transcript or other documentation of record by which to determine what evidence was presented and issues litigated in that proceeding, and there is nothing before us to

indicate that such evidence was presented to the trial judge whose order is before us on review. Employer had clearly authorized treatment from Dr. Rezaian and was liable for the reasonable and necessary charges incurred. However, according to the court file, the only charge submitted as of that date was $9590 by Dr. Rezaian for the first surgery. No charges for either Dr. Barcohana or Roxsan Radiology had been mentioned at that point. Absent a comprehensive record for our review, we must presume that the trial court did not err in refusing to collaterally estop Employer from raising the issue of reasonableness at a future date.

■  Rezaian and Barcohana next argue that, by authorizing treatment from out-of-state providers, Employer waived any objection to the reasonableness of the charges incurred. As authority for this argument, they rely on the statement made in the early case of *Scruggs Brothers & Bill Garage v. State Industrial Commission,* 94 Okla. 187, 221 P. 470, 474 (1923), that where an employer "consented or agreed, and directed or advised the claimant to go out of the community for treatment ... he thereby eliminated any necessity for [proof of reasonableness of the charges] upon the part of the claimant or such finding upon the part of the Industrial Commission." However, the *Scruggs* court then went on to review the charges incurred and pronounce them reasonable. *Scruggs* is not so broad as to support the blanket proposition that merely by authorizing out-of-state medical treatment, an employer has waived any opportunity to question the reasonableness of the charges.

■  However, we do find that the trial court erred in applying the Oklahoma Schedule of Medical Fees to this case. It is a fundamental tenet of workers' compensation law that the rights of both employee and employer become fixed by law *at the time of the injury. Knott v. Halliburton Services,* 752 P.2d 812, 813 (Okla.1988). This includes the right to medical benefits. *See* A. Larson, *Workman's Compensation Law* § 61.11 (1989); *accord Utah Constr. Co. v. Matheson,* 534 P.2d 1238, 1239 (Utah 1975). Under the law in effect in August 1983, 85 O.S.1981 § 14, the only limitation on charges for medical treatment is to "such charges as prevail in the same community for similar treatment of like injured person." The physicians' charges must, upon remand, be reviewed according to this standard, *i.e.,* such reasonable and necessary charges as prevail for similar treatment in the California community where the charges were incurred.

The order of the trial court is reversed and the case remanded for further proceedings consistent with the views expressed herein.

REIF, P.J., and BRIGHTMIRE, J., concur.