BILL COOPER FRAC TANK COMPANY and Mid–Continent Casualty Company, Petitioners,

v.

COLUMBIA REGIONAL HOSPITAL, Michael Ross Clark and the Workers' Compensation Court, Respondents.

No. 80382.

Court of Appeals of Oklahoma, Division 1.

March 23, 1993.

Rehearing Denied May 11, 1993.

Certiorari Denied July 13, 1993.

Patricia Flanagan, Oklahoma City, for petitioners.

Walter Bower and Steve A. Weeks, Bower, Beavin & Weeks, Oklahoma City, for respondents.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

Petitioners allege the Workers' Compensation Court erred in ordering payment of medical charges in excess of the amount authorized under Oklahoma's fee schedule.

Both at trial and in this review, Respondent Columbia Regional Hospital claims: (1) Petitioners authorized the medical treatment and have waived the right to question the reasonableness of the charges; and (2) application of the fee schedule to out-of-state medical providers such as Columbia was not mandatory.

### The Underlying Proceedings

At least as revealed by this record, the following facts are undisputed. Claimant Michael Ross Clark was injured in Oklahoma on July 6, 1989, and his injury arose out of and in the course of Clark's employment with Bill Cooper Frac Tank Company. Clark was initially treated in Oklahoma. In late 1989, he moved to Missouri. Petitioners assisted Clark in selecting Columbia for treatment of his injuries. Columbia rendered medical services to Clark in December, 1989 and March, 1990. Petitioners authorized the services, but Columbia was apparently unaware of any possible applicability of Oklahoma's fee schedule until after the services had been rendered.

Columbia's bill for surgery, diagnostic tests and other medical services rendered to Clark totalled $21,685.86. Petitioners paid Columbia $9,320, the amount due under Oklahoma's fee schedule. Columbia filed a Form 9 and a Form 19 with the Oklahoma Workers' Compensation Court requesting payment of the $12,365.86 balance.

A three-judge panel of the Workers' Compensation Court affirmed the trial judge's order which found:

(1) the Oklahoma Workers' Compensation Court had no jurisdiction over Columbia, a Missouri medical provider;

(2) the Oklahoma Medical Fee Schedule did not apply to Columbia's claim for payment;

(3) the treatment rendered was reasonable and necessary, and that this is uncontroverted; and

(4) the Petitioners authorized the treatment in advance of its being rendered.

Petitioners were ordered to pay Columbia the $12,365.86 it claimed. In this review

proceeding, Petitioners argue the Workers' Compensation Court had jurisdiction over Columbia and that the Workers' Compensation Court could not order them to pay Columbia in excess of the fee schedule. We agree.

### Analysis

At the outset, we must vacate the determination the Workers' Compensation Court has no jurisdiction over Columbia. When a party makes an appearance and requests affirmative relief, that party waives any challenge to personal jurisdiction. *Porter v. Oklahoma Bacone College Trust*, 346 P.2d 335 (Okla.1959), *certiorari* denied, 362 U.S. 927, 80 S.Ct. 754, 4 L.Ed.2d 746 rehearing denied, 362 U.S. 984, 80 S.Ct. 1056, 4 L.Ed.2d 1019 (1959). Columbia filed a Form 9 and a Form 19 with the Workers' Compensation Court seeking payment for services rendered to Clark. When it requested the assistance of the Workers' Compensation Court, that forum acquired jurisdiction over Columbia.

Moreover, when Columbia chose to avail itself of a remedy under our statutory workers' compensation scheme, it invoked the limitations on that remedy. One of the benefits accorded an injured employee under Oklahoma's workers' compensation laws is payment of medical expenses. Any claim Columbia has under our worker's compensation laws is derivative of the Claimant's rights. His injuries occurred in Oklahoma under an Oklahoma contract of employment, and Oklahoma law governs that claim. *Associated Indemnity Corporation v. Landers*, 159 Okl. 190, 14 P.2d 950 (1932).[1]

Columbia claims Petitioners waived the application of the fee schedule when they authorized out-of-state treatment, citing *Spann v. General Motors Corp.*, 813 P.2d 541 (Okla.App.1991) and *Scruggs Bros. & Bill Garage v. State Industrial Commission*, 94 Okl. 187, 221 P. 470 (1923). How-

ever, the principle recognized in *Spann* supports the application of Oklahoma's fee schedule. The *Spann* court recognized that an employer did not waive the right to enforce Oklahoma limits on medical expenses by authorizing out-of-state treatment. Although *Spann* concluded the fee schedule did not apply because that "limit" was not in effect at the time of the claimant's injuries, the court applied the statutory "limit" in effect at the time. The fee schedule "limit" was in effect when Mr. Clark was injured. Petitioners did not waive its application to a Form 19 claim.

The Workers' Compensation Court is a court of limited jurisdiction and may not grant relief beyond that allowed by the statutes. *Bagley v. Big "E" Industries*, 776 P.2d 569 (Okla.App.1989). It must grant medical benefits, if at all, according to statutorily prescribed limits under the Workers' Compensation Act. Under 85 O.S.1991 § 14(E), the amounts recoverable by medical providers are limited to those set forth in the schedule of fees. There is no statutory language excepting out-of-state providers from this limit.

The Workers' Compensation Court erred in finding the fee schedule did not apply to this request for payment and in ordering payment otherwise than in accordance with its statutory mandate. The order must be vacated.

VACATED

GARRETT and JONES, JJ., concur.

---

1. Whether Columbia may have a claim against Petitioner for either express contract or implied contract under Missouri law, enforceable in a Missouri forum, is not before us. Oklahoma's Workers' Compensation Court is limited to providing the relief authorized by our statutes.