1998 OK CIV APP 117

**Roy GRAZIER, Appellant,**

v.

**FIRST NATIONAL BANK OF NOWATA, Appellee.**

No. 89892.

Court of Civil Appeals of Oklahoma, Division No. 2.

June 30, 1998.

As Corrected Sept. 17, 1998.

Roy Grazier, Nowata, Oklahoma, Pro se.

Carl G. Gibson, Nowata, Oklahoma, for Appellee.

*OPINION*

TAYLOR, Chief Judge.

¶ 1 Plaintiff, Roy Grazier, seeks review of the trial court's order dismissing his action, imposing sanctions against him, and awarding attorney fees and costs to Defendant, First National Bank of Nowata (Bank). On review of the record and applicable law, we affirm in part, vacate in part, and remand for further proceedings.

¶ 2 Grazier filed this action after he was served with a notice that his deposition had been scheduled in another Nowata County case, *First National Bank of Nowata v. Collier* (the Collier case), in which Grazier is counsel for one of the defendants. In his petition, Grazier alleged that on March 8, 1997 (a Saturday), a deputy from the Nowata County Sheriff's office served a "notice" on Grazier to appear at the Nowata County Courthouse on March 11 at 9 a.m. to have his deposition taken in the Collier case. Grazier further alleged the same deputy served him with a subpoena at 8:50 a.m. on March 11 for the same deposition. Grazier claimed that, "[d]ue to the threat of force and the probability of arrest," he attended the deposition, which he alleged was designed to humiliate him and interfere with his ability to represent his client. He asserted the alleged actions constituted an abuse of process by

Bank, and sought damages and an injunction to prohibit Bank from using the deposition in the Collier case.

¶ 3 In response, Bank filed a document, titled "Special Appearance and Objection to Jurisdiction," containing a motion to dismiss pursuant to 12 O.S.1991 § 2012(B)(1), (6), and (8) (asserting lack of subject matter jurisdiction, failure to state a claim for which relief can be granted, and another action pending). Bank argued Grazier's proper remedy was in the Collier case, and that no claim for abuse of process was possible. Bank also moved for sanctions of $17,000 together with its attorney fees and other costs. It asserted Grazier's action was frivolous, "unfounded by fact and law," and in violation of 12 O.S. Supp.1997 § 2011.

¶ 4 The trial court granted Bank's motion to dismiss and gave Grazier leave to amend. In response to the amended petition, Bank filed an "Amended Special Appearance and Objection to Jurisdiction," and again moved to dismiss. The trial court granted Bank's motion and dismissed the case. Finding that portions of Grazier's petition and amended petition were "in violation of the Oklahoma Pleading Code," the court also granted Bank's motion for sanctions. It assessed $17,000 against Grazier plus $1,430.75 in attorney fees and costs. Grazier appeals.

¶ 5 Grazier does not challenge the trial court's dismissal of his action pursuant to § 12(B)(6)—i.e., for failure to state a claim for which relief can be granted. Rather, he contends the trial court erred in sustaining Bank's motion to dismiss after Bank "raised non-jurisdictional questions and asked for affirmative relief," thereby making a "general" appearance. He also alleges the trial court erred in deciding Grazier's action "was in violation of the Oklahoma Pleading Code and [in] awarding excessive sanctions" and attorney fees against Grazier. Finally, Grazier alleges there is an issue on appeal concerning the geographical range in which subpoenas may be served.

■ ¶ 6 We reject Grazier's argument concerning Bank's "appearance" in the case. In *Young v. Walton*, 1991 OK 20, ¶ 4, 807 P.2d 248, 249, the supreme court rejected a similar argument, based on the following reasoning:

> The plaintiff argues on appeal that when the defendants responded to the original petition by making a "special appearance," they waived the defenses of improper venue and of failure to state a claim upon which relief can be granted. The terms of 12 O.S. Supp.1984 § 2012(A) do provide that the filing of "an appearance" within the twenty-day period after service of process extends the time to respond and operates as a waiver of certain challenges. *This statute, though, applies only to a defendant's general or perhaps to an unspecified appearance, not to one that is explicitly qualified. The defendants were not hence precluded by law from either objecting to venue or questioning the sufficiency of the allegations to state a claim for relief.* (Emphasis added)(footnotes omitted).

■ ¶ 7 Similarly, in the case at bar Bank did not make an "unqualified" appearance, and thus did not waive its § 2012(B) arguments or the right to seek sanctions under § 2011. Grazier's reliance on *Bill Cooper Frac Tank Co. v. Columbia Regional Hospital*, 1993 OK CIV APP 54, 856 P.2d 586, in this regard is misplaced. *Cooper* involved a workers' compensation proceeding, and did not purport to interpret the Oklahoma Pleading Code. Further, the court in *Cooper*, in referring to the respondent's waiver of objection to jurisdiction by filing an appearance, was discussing the waiver of *in personam* jurisdiction—not subject matter jurisdiction as is at issue here. An objection to subject matter jurisdiction can be made at any time, and is not waived by a party's appearance—general or otherwise—in an action. Thus, the trial court correctly rejected Grazier's argument that Bank's action could not be dismissed because Bank had entered a "general" appearance in the case.

¶ 8 Grazier next argues the trial court erred in awarding sanctions against him, and in the amount of sanctions awarded. The trial court awarded sanctions consistent with Bank's request for them. The trial court's order recites, as grounds for imposing sanctions pursuant to 12 O.S. Supp.1997 § 2011,

that certain allegations of Grazier's petition and amended petition "are in violation of the Oklahoma Pleading Code."

¶ 9   In essence, Bank alleged sanctions were warranted because Grazier had improperly pleaded and sought recovery against Bank for acts that Bank legally was permitted to take and as to which it had followed proper procedures under 12 O.S.1991 § 2004 (regarding issuance and service of process). Grazier's objection to Bank's sanctions request argued that Bank's motion failed to delineate how the Oklahoma Pleading Code had been "violated," and that his petition against Bank was proper because Bank chose to proceed improperly against him in a discovery dispute in the Collier case.

¶ 10   Under § 2011, an attorney or unrepresented party who presents a pleading or other paper to the court, certifies that:

[T]o the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

1.   It is not being presented for any improper purpose, such as to harass or to cause unnecessary delay ... [and]

2.   The claims, defenses and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]

3.   The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery....

¶ 11   If a court finds § 2011 has been violated, it "shall impose an appropriate sanction," which must be limited to "what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."   12 O.S. Supp.1997 § 2011(C)(2). Under section 2011(C)(3), the court also must "describe the conduct determined to constitute a violation of this section and explain the basis for the sanction imposed."

■■■   ¶ 12   We review a trial court's decision to impose sanctions for whether the court abused its discretion.   *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Broadwater v. Courtney*, 1991 OK 39, 809 P.2d 1310; *Warner v. Hillcrest Medical Center*, 1995 OK CIV APP 123, 914 P.2d 1060.   Oklahoma's current version of § 2011 is adopted from its federal counterpart, Fed.R.Civ.P. 11, 28 U.S.C.A. We thus look to appropriate federal authority to aid in our interpretation and application of the rule.   *Unit Petroleum Co. v. Nuex Corp.*, 1991 OK 21, 807 P.2d 251.

■■   ¶ 13   The United States Court of Appeals for the Tenth Circuit has described the standard of behavior for deciding whether to impose sanctions as follows:

This circuit has adopted the view that an attorney's actions must be objectively reasonable in order to avoid Rule 11 sanctions.   *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir.1988).   A good faith belief in the merit of an argument is not sufficient; the attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances.   *Id.* In addition, it is not enough for an offending attorney to allege that a competent attorney could have made a colorable claim based on the facts and law at issue; the offending attorney must actually present a colorable claim.   *See Calloway v. Marvel Entertainment Group*, 854 F.2d 1452, 1470 (2d Cir.1988).... Thus, plaintiffs may not shield their own incompetence by arguing that, while they failed to make a colorable argument, a competent attorney would have done so.   *See Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987)(Rule 11 intended to prevent abuses arising from bad faith, negligence, and to some extent, professional incompetence).

*White v. General Motors Corp.*, 908 F.2d 675, 680 (10th Cir.1990).   Sanctions should not be used, however, to punish litigants or their attorneys simply because they pursue an unpopular claim.   "A nonprevailing party should not be penalized for merely prosecuting or defending a lawsuit."   *U.S. Industries, Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1241 (10th Cir.1988) (impliedly overruled on other grounds).

954

¶ 14 The Tenth Circuit in *White* also reviewed the various factors and circumstances a court should "expressly consider" in deciding the amount of sanctions warranted. 908 F.2d at 684. These factors include what the court called the (1) "reasonableness (lodestar) calculation," involving an examination of the reasonableness of the attorney fees requested by the opposing party, *id.;* the (2) "minimum to deter" factor, requiring a determination of what is "'the *minimum* that will serve to *adequately* deter the undesirable behavior,'" *id.* at 685, quoting *Doering v. Union County Bd. of Chosen Freeholders,* 857 F.2d 191, 194 (3d Cir.1988); the (3) "ability to pay" factor, relevant because of the "deterrent purpose" of Rule 11 sanctions, which the court analogized to punitive damages, 908 F.2d at 685; and (4) "other factors," which the court said included:

the offending party's history, experience, and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, the risk of chilling the type of litigation involved, and other factors as deemed appropriate in individual circumstances.

*Id.*

¶ 15 Ultimately, the court held, "[t]he appropriate sanction should be the *least severe sanction adequate* to deter and punish the plaintiff." 908 F.2d at 684. It vacated the trial court's sanction order and remanded the matter for further consideration because the trial court had not considered the issue of "what amount was the least necessary to deter future misconduct." *Id.* We interpret section 2011(C) as imposing such a requirement on courts considering a request for sanctions, as well.

¶ 16 In the case at bar, neither the trial court's order nor the record is sufficient to support the sanctions assessed against Grazier. The court of appeals in *White* noted that its first factor—the "reasonableness" calculation—is important because "the sanction [that generally is imposed] is to pay the opposing party's 'reasonable expenses, including a reasonable attorney's fee' ... incurred because of the improper behavior." 908 F.2d at 684. It appears from the order in the instant action, however, that Bank's

attorney fees comprised a relatively small part of the total sanctions assessed against Grazier.

¶ 17 As noted above, the trial court's order simply recites that sanctions were imposed for "violation" of the Oklahoma Pleading Code. The court does not identify what provisions it considered or what other factors, if any, it looked to in determining the severity of the sanctions. The order does not sufficiently "describe the conduct determined to constitute a violation of [section 2011] and explain the basis for the sanction imposed," for us to discern whether the amount assessed is the minimum necessary to "deter repetition of such conduct or comparable conduct by others similarly situated." Because of these deficiencies, we are constrained to hold that the trial court's imposition of sanctions was an abuse of discretion. We therefore vacate that portion of the trial court's order imposing sanctions against Grazier and remand for reconsideration of whether sanctions are warranted, and whether the amount imposed is consistent with the requirements of *White* and of § 2011.

¶ 18 Finally, Grazier has alleged error concerning the geographical area in which a subpoena may be served. However, we find neither argument nor evidence in the record for us to review on this point, nor does it appear that this issue was ever raised in the trial court. We therefore decline to review Grazier's claim of error on this issue. *See Northwest Datsun v. Oklahoma Motor Vehicle Comm'n,* 1987 OK 31, 736 P.2d 516 (issue not presented to the trial court for decision will not be considered for the first time on appeal).

AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.

GOODMAN, P.J., and BOUDREAU, J., concur.